## Jackson Long

*v.*

## Samuel R. Barker *et al.*

1. Chancery jurisdiction—*remedy at law.* A party can have no standing in a court of equity where he has a complete and ample remedy or defense in an action at law.

2. The defendant in an action of replevin sought to enjoin the plaintiff from further prosecution of the suit, alleging in his bill that he purchased the property from one who deduced title under a tax sale which was irregular and passed no title; that the plaintiff in the replevin suit claimed to own the property, and the complainant prayed that his vendor and the plaintiff in replevin be required to interplead and settle the question of title between themselves. It was *held*, all the matters alleged concerning the title to the property could be tried in the action of replevin, and there was therefore no ground for the interposition of a court of equity.

3. Interpleader—*party filing must make no claim.* Where a party claims to have bought a personal chattel, such as a portable saw-mill, and the title of his vendor is assailed by the former owner, he can not file a bill of interpleader by alleging that his vendor and the former owner both claim title to it, and compel them to settle the question of title to the property. A bill of interpleader will not lie where the party invoking the aid of the court by his bill claims an interest in the subject matter of the litigation.

APPEAL from the Circuit Court of Jasper county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. BROWN & GIBSON, for the appellant.

Mr. JOHN H. BAILEY, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Samuel R. Barker, to enjoin appellant, Jackson Long, from prosecuting an action of replevin, which he had instituted in the circuit court of Jasper county, to recover the possession of a certain steam saw-mill, which was then held by complainant Barker, and which he claimed to own. The cause proceeded to a hearing upon the pleadings and proofs, and a decree was rendered perpetually enjoining appellant from removing or interfering with the mill. To reverse that decree defendant in the bill, Long, appealed.

The first question presented by the record, and the only one which we deem it necessary to determine, as that will be decisive of the case, is, whether the complainant has an adequate remedy at law? If he has, he can have no footing in a court of equity. To determine this question a reference to the allegations in the bill becomes important. They are, in substance, these: That complainant, on or about the 1st of April, 1875, bought of John T. Coville, one portable steam saw-mill and fixtures, for the sum of $1500, $600 of which was paid down, and three promissory notes were given for the balance of purchase money, one due in November, 1875, one in July following, and the other in December, 1876; that at the time of the sale, Coville represented that he was the owner of the mill. It is also alleged, that Coville obtained the property by purchase from Weatherhold & Pennington; that they bought the mill for taxes on the 13th day of March, 1875, from a collector of taxes of a certain township of Cumberland county; that Jackson Long, appellant, claims to own said property; that the tax sale was irregular and that no title passed under the tax sale;

that appellant has sued out a writ of replevin, and the same is in the hands of the sheriff for execution. Complainant also alleges, that after buying the mill he, at great expense, moved it from Cumberland to Jasper county, and has bought a great many logs which are now on the ground ready to be sawed into lumber, and if he is deprived of the possession of the mill he will sustain great and irreparable loss. The complainant also alleges, that he is willing to pay the purchase money for the mill to any one entitled to receive the same, and to whom he can pay with safety; that he does not collude with Coville or Long touching the matters in controversy; that he has not brought the bill at the request of either, but of his own free will and accord, being greatly molested, vexed and harrassed about the matters herein set forth.

The bill prays that Long and Coville, and the sheriff, may be made parties defendant, and that defendants may set forth to whom the property belongs, and that they interplead and settle the matters between themselves, and that Long be enjoined and restrained from removing the mill, or any part thereof.

The bill contains other allegations, but a reference to them is not necessary. It is apparent that the whole scope and purpose of the bill is, to settle the question of title or ownership of the mill property. The appellant claimed to be the owner of the mill. The complainant also claimed title by purchase from one Coville, who bought of Weatherhold & Pennington, who claimed to have purchased at a sale for taxes due from appellant. Every question raised as to the title of the property could have been settled in a court of law; nor can we perceive any reason for supposing the remedy at law was not ample and fully adequate. In the action of replevin which had been instituted by appellant, if, in fact, the title to the property was in the complainant, by filing a proper plea he could have established his title in as full and ample a manner as in equity. So, too, if appellant's title to the property was lost by the sale for taxes or otherwise, that fact could have

28—85TH ILL.

been proven and settled in the action at law quite as well as in chancery.

It may, however, be contended, that, under the allegations of the bill, chancery will assume jurisdiction and require appellant and Coville to interplead, and thus settle the question of title to the property. A bill of interpleader will not, however, lie where the party invoking the aid of the court by bill claims title or interest in the subject matter of the litigation. Story's Eq. Jur. vol. 2, §§ 807, 820. The correct rule is stated by Story thus: "The true ground upon which the plaintiff comes into equity is, that, claiming no right in the subject matter himself, he is or may be vexed by having two legal or other processes, in the names of different persons, going on against him at the same time. He comes, therefore, into court upon the most obvious equity, to insist that those persons claiming that to which he makes no claim, should settle the contest among themselves, and not with him or at his expense and hazard." Under this well established doctrine in regard to a bill of interpleader, there can be no ground for the position that complainant can invoke chancery jurisdiction under this head, as he claimed in the bill to own the property himself. If, then, we are correct in the position that complainant had a full, complete and adequate remedy at law, it follows, that he could not resort to a court of equity. *Wangelin* v. *Goe*, 50 Ill. 459; *Winkler* v. *Winkler*, 40 Ill. 179.

We do not propose to discuss the force or effect of the evidence bearing upon the question of ownership in the mill property, but we decide merely that complainant has no standing in equity; that the title to the property must be settled at law, in the action already instituted for that purpose.

The decree is reversed, and the cause remanded.

*Decree reversed.*