# Aderholt & Co. v. Smith.

*Special Action on the Case, by Plaintiff in Garnishment against Claimant.*

1. *When action lies.*—Plaintiff having sued out a garnishment on his judgment, and the garnishee admitting the possession of property, which was claimed by a third person, with whom an issue was then

[Aderholt & Co. v. Smith.]

formed to try the right; after the termination of the contest in favor of the plaintiff, he may maintain a special action on the case against the claimant, who, while the contest was pending, obtained possession of the property from the garnishee, he being insolvent, and converted it to his own use.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. LEROY F. BOX.

This action was brought by M. M. Smith against the several persons composing the firm of D. A. Aderholt & Co., and was commenced before a justice of the peace, on the 17th June, 1886. On appeal to the Circuit Court, the plaintiff filed a complaint, the third count of which was in these words: "Plaintiff claims of defendant, also, the further sum of $50, due from them by account, for money had and received by defendants for plaintiff, being money arising from the sale of one and one half bales of cotton, upon which, at and prior to the time of making said sale by defendants, plaintiff had a valid lien; which said lien plaintiff acquired by having the said cotton attached in the hands of one W. T. Helton, prior to the sale thereof by said defendants. And plaintiff avers that, on or about the 28th November, 1885, J. B. Herring, as agent for this plaintiff, recovered a judgment before a justice of the peace in said county, for the sum of $22.18; that on or about the 13th October, 1885, process of garnishment was issued from said justice's court, at the instance of plaintiff, to W. T. Helton, who at that time had in his possession one and one-half bales of cotton belonging to said P. Holmes; that said garnishee appeared in said justice's court, on the 28th November, 1885, and answered, under oath, that he had in his possession one and one-half bales of cotton belonging to said Holmes, and suggested that D. A. Aderholt & Co. claimed said cotton as *his*; that thereupon notice was issued to said D. A. Aderholt & Co., as required by law, to appear in said court, and propound *his* claim to the same, if *he* saw proper; whereupon said D. A. Aderholt & Co. appeared in said court, and made affidavit that said cotton belonged to them; and issue was thereon joined by plaintiff and said claimants, and said cause having been brought by appeal into the Circuit Court of said county, was, on the — day of April, 1886, duly tried, and judgment therein rendered condemning said cotton to the satisfaction of plaintiff's said judgment against said Holmes. Plaintiff further avers, that while said suit was pending between plaintiff and said D. A. Aderholt & Co., and after plaintiff

[Aderholt & Co. v. Smith.]

had acquired a lien on said cotton as aforesaid, and while said lien was in full force, these defendants purchased or received said cotton from said garnishee, W. T. Helton, with full knowledge and notice of plaintiff's said.lien and rights, and removed or caused it to be removed from the State of Alabama, thereby depriving plaintiff of the benefit of his said lien on said cotton, and making plaintiff's said judgment condemning it utterly worthless; and that said Helton is utterly insolvent. Hence this suit."

The court overruled a demurrer to this count, and the plaintiff had judgment on it. The overruling of the demurrer is here assigned as error.

SAM. F. RICE, for appellants.

· J. W. INZER, and M. M. SMITH, contra, cited Hussey v. Peebles, 53 Ala. 432; Lomax v. LeGrand, 60 Ala. 537; Rees v. Coats, 65 Ala. 256; Grant v. Steiner, 65 Ala. 499; Hurst & McWhorter v. Bell & Co., 72 Ala. 336.

CLOPTON, J.—The plaintiff, having obtained a judgment against P. Holmes, caused W. T. Helton to be summoned as garnishee, who appeared and answered, that he had some cotton in his possession belonging to the judgment debtor, but suggested that it was claimed by the defendants in the present suit. Thereupon, notice was issued to them under the statute, in response to which they appeared and propounded their claim. On the trial, judgment was rendered against the claimants, and condemning the cotton to the satisfaction of the plaintiff's judgment. During the pendency of the claim suit, the defendants obtained from the garnishee, who is insolvent, possession of the cotton, and converted it to their own use. The sole question is, whether the plaintiff, on these facts, can maintain a special action on the case against the defendants. In Kelly v. McCaw, 29 Ala. 227, it was held that an action on the case does not lie against a party, who fraudulently and wrongfully induced the sheriff to deliver possession of · personal property, on which he had levied an execution in favor of plaintiff against a third person, which such party had removed beyond the reach of the court, though the defendant in execution was insolvent. The decision rests on the principle, that by the seizure of the chattels the sheriff acquired a special property, and became liable to the plaintiff for their value, and that

[Mobley v. Webb.]

the plaintiff had redress by the established forms against
the sheriff. But it has also been held, that the plaintiff in
execution may maintain an action on the case against the
sheriff, who, after seizure of chattels, wrongfully releases the
levy and abandons their custody; and that the landlord who
has a lien on the crop of his tenant may maintain a special
action on the case against a third person, who, with notice
of the lien, removes or converts the crop, so that the land-
lord can not enforce his lien by attachment.—*Griffin v.
Isbell*, 17 Ala. 184; *Hussey v. Peebles*, 53 Ala. 432. These
decisions rest on the general rule, that a plaintiff may main-
tain an action on the case to enforce a clear, legal right,
whenever he has sustained damage from the wrongful act of
a third person, for which the established forms of law fur-
nish no remedy. The proceeding by garnishment and con-
demnation of the cotton did not confer any right of property
or right of possession on the plaintiff. His only right was
to have the cotton sold for the payment of his judgment,
which he was prevented from having done by the tortious
act of the defendants, for which wrong and injury he is with-
out remedy, unless he can maintain the present action. On
the averments of the complaint, the case falls within the
general rule.

Affirmed.