## Charles Kauffman v. David Wiener et al.

1. CHANCERY JURISDICTION—*Insolvency of Trespassers.*—The insolvency of a trespasser and the fact that the proceeds of property wrongfully taken by him, is still in the hands of a purchaser, will not justify a resort to a court of equity to recover damages for such trespass and to secure an order directing such purchaser to pay the money in his hands to the complainant.

**Bill,** for an accounting. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded with directions. Opinion filed December 9, 1896.

HALEY & O'DONNELL and COWING & YOUNG, attorneys for appellant.

GEORGE S. HOUSE, attorney for appellees.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a bill in equity based upon the following alleged state of facts: Appellees, David and Selma Wiener, are husband and wife. For many years prior to February, 1895, David Wiener had been engaged in business at Joliet, Illinois, among other things, dealing in wood, wood props, etc. His manner of carrying on the latter business was to buy the standing timber and cut it up into cord wood and props, for sale to such persons as might desire to purchase. In the month above mentioned he became financially embarrassed, and transferred to one Lawrence Kennedy, his clerk, all the standing timber on a certain tract of land known as the east half of section nineteen in the town of Reid, near Braidwood, in said Will county. There was, at the time of such sale, a considerable quantity of wood and props already cut and remaining on the ground on the lands above described, of which David Wiener retained the ownership.

On February 7, 1895, one Goldsmith recovered a judgment against David Wiener for the sum of $1,000, upon which judgment an execution was issued and placed in the hands of the sheriff of said county, who levied the same on the wood and props remaining on the ground, such wood and props being turned out by David Wiener to the sheriff for the purpose of being so levied upon. There was also a levy upon other property, and upon a sale by the sheriff under the execution, appellant bid for the wood and props levied upon, the sum of $750, and the same were struck off and sold to him at that price, which he accordingly paid. Subsequently to the sale, Kennedy transferred to Selma Wiener all his interest in the standing timber on the tract of land above described, and also all his interest in the wood and props remaining within the lines of the standing timber,

and she, through her agent and husband, David Wiener, went on with the cutting of the timber into wood and props, a large amount of the wood being shipped and delivered under contract to the Joliet Steel Company, at $3.38 per cord delivered, and a large number of cords of props shipped and delivered to the C. W. & V. Coal Company at $4 per cord. Appellant alleges and insists that appellee Selma Wiener, through her agents and servants, hauled off the greater part of the wood and props purchased by him at the sheriff's sale. That she sold the wood to the Joliet Steel Company, and the props to the C. W. & V. Coal Company, leaving of the wood purchased by appellant only twenty-two and one-half cords, and of the props only four and one-half cords.

The bill was filed by appellant against Selma Wiener for the purpose of charging her with, and compelling her to account for, the wood and props which appellant claims she had caused to be hauled away and sold, as well as to tie up the money due her for the same from the Steel company and the Coal company, who, together with Lawrence Kennedy and David Wiener, were made co-defendants to the bill. It was alleged in the bill that appellees, David and Selma Wiener, are insolvent, and their property much involved in litigation, and an injunction was prayed to restrain the Steel and Coal companies from paying the amounts due to Selma Wiener for the wood and props delivered to them by her, and restraining Selma Wiener from removing any more of the wood and props which appellant claimed to have purchased at the sheriff's sale. A temporary injunction was granted as prayed, various modifications of which were afterward made, either by order of the court or upon the agreement of the parties. Answers were filed by the several parties, and a reference made to the master to take and report proofs and his findings thereon.

There was a sharp controversy between the parties and a conflict in the evidence, as to the quantity of wood and props levied upon by the sheriff and sold to the appellant, the latter claiming there were 550 cords, of which two-thirds

were props, while appellees, David and Selma Wiener, insist that appellant only purchased 140 cords of wood and ten cords of props, being in all 150 cords.

The evidence shows that there were some props, and also wood, cut inside what the witnesses call the "timber line," which appellant does not claim he purchased, but he contends that he bought all the wood and props remaining on what they call the "cleared land," while appellants, David and Selma Wiener, insist he only purchased what remained on about thirty-five or forty acres, and including only about 150 cords of wood and props.

On final hearing the court found that appellee purchased only 140 cords of wood and ten cords of props, and that it had all been removed and taken away by Mrs. Wiener or her agents, except twenty-two and a half cords of wood and four and one-half cords of props, and that she was chargeable with the amount taken at the price she was to receive for the same at the place of delivery, making no allowance for the cost of hauling or shipment, on the ground that by her wrongful act she had caused a confusion of goods and must respond accordingly. The court further found that the value of the wood and props which appellee Selma Wiener had wrongfully taken was $420.84, and decreed that the Joliet Steel Company, out of the moneys in its hands due to Selma Wiener for wood, should pay to the clerk of the court for the use of appellant, said sum of $420.84, and two-thirds of the taxable costs, and ordered that the remaining one-third of the costs should be taxed against appellant. Appellant being dissatisfied with the decree, prosecutes his appeal to this court and assigns various errors, but his principal complaint is that the amount of the decree in his favor is not large enough, insisting that the court should have found that he purchased 550 cords, two-thirds of which were props, and that he was entitled to a decree accordingly.

Appellees, David and Selma Wiener, have assigned cross-errors, the most important of which is, that this was not a case properly cognizable in a court of equity; that the appel-

lant had a complete and adequate remedy at law, and so has mistaken the proper forum to which he should apply to have his rights ascertained. If this point is well taken, it would be unnecessary for us to enter upon an investigation or discussion as to the merits of the case, or as to appellant's assignment of errors.

In her answer to the bill, appellee Selma Wiener demurs thereto, and insists upon the same advantages as if she had specially demurred to the bill, and hence it can not be said she has waived her right to be heard upon this question. The point is now made and insisted upon, and we must determine it, although we are not favored with any authorities upon either side of the question in the briefs or arguments of counsel. In fact, counsel for appellant do not refer to, or discuss the question at all.

It is a well recognized principle of equitable jurisprudence that a court of chancery will not entertain jurisdiction where the party has a complete and adequate remedy at law. Applying that principle to the case at bar, it seems to us to be decisive of the question. Upon the facts, it is simply an attempt to collect from the appellee, Selma Wiener, the value of certain wood and props which appellant claims were his property, and which appellee, Selma Wiener, wrongfully took and disposed of for her own use and benefit. She is the person sought to be charged, and the only apparent reason for coming into a court of equity is found in the allegation that she is insolvent, and that the money due her for the wood and props sold, is still in the hands of her co-defendants, the Steel and Coal companies. But appellant does not support even this allegation by a particle of proof. On the contrary, we think the proofs show that she is possessed of property amply sufficient to render her responsible for any judgment which appellant would be likely to obtain against her for, or on account of, the matters in controversy. We do not find in the evidence any special reasons showing why this case should be an exception to the general rule, and we do not perceive why the appellant has not a complete and adequate remedy at law. Even were it conceded

that the allegation of insolvency, if sustained, would authorize appellant to invoke the aid of a court of chancery, yet he must fail, because he made no effort whatever to sustain it.

But we do not understand that the mere insolvency alone of a defendant is sufficient to warrant the granting of an injunction to restrain the commission of a threatened trespass. High on Inj. (1 Ed.) 21.

Much less should the mere allegation of insolvency be permitted to enable a party to come into a court of equity to recover damages for a trespass already committed.

In effect, this action amounts to nothing more than an attempt by bill in equity to recover damages for trespasses committed by defendant, Selma Wiener.

Under the authorities, we think this can not be permitted. Long v. Baker et al., 85 Ill. 431; Wrigden v. Goe, 50 Ill. 459; Winkler v. Winkler, 40 Ill. 179.

The decree will be reversed and the cause remanded to the Circuit Court, with directions to dismiss the bill without prejudice.