# Friedman *v.* Fraser, *et al.*

### *Bill for the Restoral or the Recovery of Chattels.*

(Decided June 30, 1908.  47 South. 320.)

1. *Equity; Adequate Remedies at Law.*—A bill will not lie for the specific recovery of bonds which have a merchantable or marketable value unless they have some peculiar, uncommon or unique character, so that no adequate compensation can be had therefor in an action at law, since the legal remedy is plain and adequate in the absence of a showing that the person in possession of the property is insolvent.

2. *Accounting; Pleading.*—The mere setting up of a claim without showing the circumstances of complication or difficulty in the way of adequate relief, does not make out a case for an equitable accounting. (McClellan, J., dissenting.)

APPEAL from Mobile Crancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by James D. Fraser, administrator, and others, against J. M. Friedman, executor, for the specific recovery of personal chattel and for an accounting. From a decree overruling a motion to dismiss the bill, respondent appeals. Reversed and rendered.

PILLANS, HANAW & PILLANS, and MCALPINE & ROBINSON, for appellant. No brief came to the Reporter.

B. B. BOONE, for appellee. No brief came to the Reporter.

ANDERSON, J.—It is an elementary rule that, before complainant is entitled to relief in equity, he must have no plain and adequate remedy at law. Code 1896, § 638; *Yellow Pine Co. v. Sutherland Co.,* 141 Ala. 664, 37 South. 922, and cases there cited. The bill in the case at bar shows that complainant has a plain and adequate remedy at law for the specific recovery of the bonds, as well as the detached coupons, or that he can get full compensation at law for a conversion of same. The bill does not aver that the bonds are of a peculiar and unique character, so as to render them peculiarly valuable to the complainants; non constat, they have a merchantable and marketable value. Nor does the bill aver insolvency of the respondent, or any other facts essential to equity jurisdiction. Mr. Pomeroy, in his excellent work on Equity Jurisprudence, in discussing the jurisdiction of courts of equity to restore chattels (volume 1, § 185), says: "Under the second class, where the relief is substantially a recovery of chattels, the jurisdiction embraces suits to compel the restoration or delivery of possession of specific chattels of such peculiar, uncommon, or unique character that they cannot

[Friedman v. Fraser, et al.]

be replaced by means of money, and are not susceptible of being compensated for by any practicable or certain measure of damages, and in respect of which the legal action of replevin, detinue, or trover do not furnish a complete remedy."

The case of *Pattison v. Skillman,* 34 N. J. Eq. 344, the one relied upon by the chancellor as supporting the equity of the bill in the case at bar, has no application to the restoration of such chattels as are involved in this case. There it was held that the chancery court had jurisdiction to enforce the restitution of a specific paper writing which had a peculiar, artificial value, and for which adequate compensation cannot be had in an action at law; the document involved being good only to establish the complainant's heirship to a foreign estate, and having no marketable value whatever. Here the bill deals with bonds, not valuable alone to the complainant, but which, according to the averments of the bill, may have a fixed and marketable value ascertainable in a court of law. The bill does not make out a case for an equitable accounting, as it merely sets up a claim on one side and shows no circumstance of complication or difficulty in the way of adequate relief at law.—*Hulse v. Walker County,* 147 Ala. 501, 40 South. 311, and authorities there cited.

The chancellor erred in not sustaining the motion to dismiss the bill for want of equity, and a decree is here rendered sustaining said motion and dismissing the bill.

Reversed and rendered.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, and DENSON, JJ., concur.

McCLELLAN, J.—(dissenting). It appears from the bill that the complainant is the administrator of the

13 R

estate of Mrs. Fraser; that certain bonds were issued, in the year 1879, some to Mrs. Fraser and some to Jane Crawford; that Jane Crawford bequeathed her bonds to Mrs. Fraser; that defendant is the executor of the estate of Morningstar; and that as such executor he is holding and refuses to deliver these bonds rightfully belonging to the estate of complainant's intestate. The bill seeks, upon final hearing, the compulsory action of the court of equity to a delivery of these bonds to complainant as such administrator. There is a general prayer for relief.

My disagreement is not with the statement of equity's jurisdiction in such cases, found in the quotation from Pomeroy; but the view is entertained that this bill makes a clear case within the jurisdiction asserted by the writer. Just following the quoted expression Mr. Pomeroy says: "This particular exercise of the jurisdiction extends, for like reason, to suits to compel the delivery of deeds, muniments of title, and other written instruments, the value of which cannot, with any reasonable certainty, be estimated in money. The equitable jurisdiction in these cases really rests upon the fact that the only relief which the plaintiff can have is the possession of the identical thing, and this remedy cannot with certainty be obtained by any common-law action." So that, as I take it, the inquiry is: Does the bill seek the delivery of chattels possessing special value (value being used in its broadest sense), to compensate for which mere payment of money will not satisfy? The averment to be now quoted seems to me to compel an affirmative answer to the inquiry. The averment is: "That in the face of each of said bonds was lithographed or engraved the following recital: 'The holder of this bond may, from time to time, have the same registered on the books of said railroad company, on payment of such fees there-

[Friedman v. Fraser, et al.]

for and under such regulations as the company may establish, such registration being noted on the bond itself by the company's transfer agent, after which no transfer shall be valid, unless made on said books by the registered holder in person or by attorney duly authorized, and simultaneously noted on the bonds.' That all of said bonds were so registered as above shown, and the fact of registration in the names of Mrs. Hesse Fraser and Jane Crawford were and are noted on said bonds upon the books of said railroad company and on the face of said bonds or on the back thereof in a place provided therefor, in accordance with said provision appearing on the face of said bonds as aforesaid."

From this averment it is too plain for cavil that the identical bonds are specially, peculiarly valuable to the complainant as evidence, from the indorsement, averred to be thereon, of the ownership of said bonds by Mrs. Fraser and Jane Crawford. If this is true, then the decision cited in the majority opinion from the New Jersey court is in point. The jurisdiction of equity in that case is grounded upon the averred fact that the documents sought were essential to the establishment of the complainant's heirship to an estate. The fact, I would suggest, that these bonds have a monetary value is an added, not a refuting, reason why this complainant should have equity's aid to reduce them to possession that he may prove by the bonds themselves his right to the value they token, as well as to collect the coupons thereof. I know of no rule whereby the monetary value of an item of evidence may be ascertained with any certainty.

In my opinion the chancellor well ruled when he sustained the bill against the motion to dismiss for want of equity.