(93 South. 524)
**PRYOR MOTOR CO. v. HARTSFIELD, Sheriff. (6 Div. 533.)**

(Supreme Court of Alabama. June 8, 1922.)

**I. Intoxicating liquors ⬤⇒255—Bill to prevent delivery of seized automobile to federal authorities without equity.**

Where a bill for injunction set up complainant's interest in an automobile seized for transporting liquor, and that he was entitled to prevent its delivery to federal authorities for proceedings under federal laws on the ground that his lien could not be asserted there, and that the state would be deprived of its share of proceeds if the car should be condemned and sold, and that he had a right to compel the sheriff to condemn under state law, it was without equity.

**2. Intoxicating liquors ☞255—Equity will not interfere where adequate remedy is at law.**

In a bill to enjoin a sheriff from turning over an automobile seized for transporting liquor to authorities for proceedings under the federal law, where, if the sheriff should dispose of it contrary to law complainant would have a full, complete, and adequate remedy at law, equity will not interfere.

**3. Intoxicating liquors ☞255—Bill for injunction without equity in not showing negligence in permitting unlawful use of automobile to transport liquor.**

In view of the statute placing the burden of proof on the claimant of an automobile in a condemnation proceeding under the prohibition law, and declaring him presumptively a particpant, fatally defective, in the absence of an allegaticipant in the violation of the law, a bill to enjoin the sheriff from turning over a seized automobile to the federal authorities, was fatally defective, in the absence of an allegation showing that complainant was not guilty of negligence or fault with respect to the unlawful use.

**4. Intoxicating liquors ☞255—Plaintiff, seeking to restrain sheriff from turning over seized automobile to federal officers, has no standing merely as taxpayer.**

Where the claimant of an automobile sought to restrain the sheriff from turning over seized automobile to the authorities for proceedings under the federal laws, he had no standing merely as a citizen and taxpayer to maintain the bill.

**5. Injunction ☞74—Will not coerce public officers in performance of duties.**

Equity will not coerce public officers in the performance of their official duties.

**6. Injunction ☞74—Mandamus remedy to compel performance of official duty.**

If a party can show that he has a personal or property right to be affected by the performance of a specified official duty, his remedy is by mandamus to compel its performance, and not by injunction.

**7. Injunction ☞114(2)—Citizen cannot resort to writ to prevent public officer from doing forbidden act because it may result in pecuniary loss to state.**

Mere citizenship does not authorize any person to resort to injunction to prevent a public officer from doing an act, though unauthorized or forbidden, merely because it may result in the loss of some pecuniary advantage to the state.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Bill by the Pryor Motor Company for injunction against J. C. Hartsfield, as Sheriff. From a decree dissolving temporary injunction, complainant appeals. Affirmed.

The bill of complaint shows that complainant sold a certain automobile to one Mrs. Pointer, with reservation of the title until the purchase money is paid in full, and that a balance of $1,250 is still due, for which complainant has a valid lien; that thereafter "said automobile was seized for transporting prohibited liquors in violation of the temperance laws of Alabama [by certain deputy sheriffs of Jefferson county], * * * and is at this time in possession of said J. C. Hartsfield, as sheriff of Jefferson county, Ala.;" that "instead of reporting the seizure of said automobile to the county solicitor or other prosecuting officer in the county, as he is required to do by law in order that said property can be condemned in this court, the respondent is threatening to turn said automobile over to the authorities of the United States government with a view of having said automobile condemned by the federal court, instead of condemning [it] in this honorable court."

The prayer of the bill is that the respondent, his agents or servants, be restrained by temporary injunction from turning over said automobile to the federal authorities, and be required to deliver it to the custodian of the court, in order that it may be subjected to condemnation proceedings therein; and that a notice be issued to the solicitor of Jefferson county to file a bill for its condemnation.

A temporary writ was issued as prayed, which on motion was dissolved for want of equity in the bill; and the appeal is from that decree.

Clarence Mullins, of Birmingham, for appellant.

Courts of equity have exclusive jurisdiction to hear all proceedings having to do with condemnation of property under the prohibition laws of Alabama. Acts 1919, p. 13. Injunction will lie to prevent commission of an illegal or unlawful act by an officer. 159 Ala. 595, 48 South. 675.

Burgin & Jenkins, of Birmingham, for appellee.

The complainant has an adequate remedy at law. 141 Ala. 664, 37 South. 922. Injunction will not lie to protect possession of personal property, in absence of averment of peculiar value to owner, for which adequate compensation cannot be had at law. 157 Ala. 191, 47 South. 320.

SOMERVILLE, J. [1] The theory of the bill of complaint is that complainant is entitled to have the automobile, in which he has an interest to the extent of his lien for unpaid purchase money, brought before the Jefferson county circuit court in equity by bill for condemnation under the laws of the state, and therefore that he is entitled to prevent its delivery to the federal authorities for proceedings under the federal laws.

The grounds upon which this asserted

right is based are: (1) That his lien cannot be asserted under federal laws, and if the car should be delivered to the federal authorities, as threatened, the lien would be lost; (2) the state would be deprived of its share of the proceeds, if the car should be condemned and sold, as would also the officers who seized it; (3) that he has a right to compel the sheriff to dispose of the car according to the mandate of the state laws for such cases provided, both as a claimant of the property and as a citizen and taxpayer of Jefferson county.

[2] We think the bill is clearly without equity, in whatever aspect it may be considered. As a bill to protect a property interest in the automobile, it is without equity because courts of chancery do not intervene for that purpose where there are no special circumstances to justify it. The automobile is ordinary personal property, and if the sheriff should either retain it in his custody or dispose of it, contrary to law, to the injury of complainant, complainant would have a full, complete, and adequate remedy at law for the recovery of any damages to which he might be entitled. Aderholt v. Smith, 83 Ala. 486, 3 South. 794; Torbert v. McFarland, 172 Ala. 117, 55 South. 311. In such a case equity will not interfere. Friedman v. Fraser, 157 Ala. 191, 47 South. 320; Gulf Compress Co. v. Harris, 158 Ala. 343, 48 South. 477, 24 L. R. A. (N. S.) 399; 22 Cyc. 816, B, note 52. This does not deny the jurisdiction of equity for the enforcement of liens as against the lienor or his privies, for this is in no sense a bill for the enforcement of a lien.

[3] But even if complainant were otherwise entitled to the injunctive relief sought for the protection of his asserted claim, the equity of the bill is fatally defective, in the absence of an allegation showing that complainant was not guilty of such negligence or fault with respect to the unlawful use of the car as would work a forfeiture of his rights therein; and the bill contains no such showing. In placing this burden of proof on a claimant in a condemnation proceeding under our prohibition laws, the statute in effect declares that the claimant was presumptively a participant in the violation of the law; and, unless he negatives that presumption by apt allegation, he not only shows no right of property to be protected, but he stands before the court as a violator of the law to whom no redress will be given.

[4-6] Very clearly, complainant has no standing merely as a citizen or taxpayer to maintain this bill. Courts of equity have never undertaken to direct and coerce public officers in the performance of their official duties as prescribed by law, and such a jurisdiction is unknown to equity jurisprudence. If any person can show that he has a personal or property right to be affected by the performance of a specified official duty, he has his remedy by the writ of mandamus to compel its performance, in the absence of any other adequate legal remedy. Armstrong v. O'Neal, 176 Ala. 611, 58 South. 268; Brickman v. Wilson, 123 Ala. 259, 26 South. 482, 45 L. R. A. 772. If he shows no such right, he cannot invoke that remedy, or any other, merely for the purpose of compelling the observance of official duty, or of vindicating the public laws. Rose, Mayor, v. Lampley, Judge, 146 Ala. 445, 449, 41 South. 521.

[7] Nor does mere citizenship authorize any person to resort to a writ of injunction to prevent a public officer from doing an act, though unauthorized or forbidden, merely because it may result in the loss of some pecuniary advantage to the state.

The considerations above stated are conclusive against the equity of the bill, and it is not necessary for us to determine whether or not the respondent sheriff would be justified in any case in surrendering a vehicle thus seized by him to the authorities of the federal government for subjection to a proceeding under the federal laws. As to that we express no opinion.

The decree of the circuit court, dissolving the temporary writ of injunction, will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.