EDISON FIXTURE CO. INC. *vs.* A. MACCAFERRI & another.

Suffolk. October 23, 1924. — January 9, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Sale*, Rescission. *Practice, Civil*, Ordering verdict.

Where, at the trial of an action for the purchase price of goods sold and delivered to the defendant, the defendant contends that the sale was procured by false representations by an agent of the plaintiff, but it appears that the defendant had kept and had used the goods ever since they were delivered, it is proper for the judge to order a verdict for the plaintiff for the purchase price since the defendant's noncompliance with G. L. c. 106, § 58, cl. 3, precluded him from rescinding the sale.

CONTRACT for $98.70, the purchase price of certain electric fixtures alleged to have been sold by the plaintiff to the defendants under a contract in writing. Writ dated February 17, 1923.

In the Superior Court, there was a trial before *Hammond,* J. Material evidence is described in the opinion. At the close of the evidence, the defendants moved that a verdict be ordered in their favor. The motion was denied. The plaintiff moved that a verdict be ordered in its favor, and the plaintiff's motion was allowed. The verdict for the plaintiff was in the sum of $104.62. The defendants alleged exceptions.

The case was submitted on briefs.

*M. Collingwood,* for the defendants.

*H. M. Lichtenstein,* for the plaintiff.

CROSBY, J. This is an action to recover the balance of the purchase price of seven electrical fixtures, sold and delivered to the defendants under a written contract.

The defendant Penn testified that a salesman of the plaintiff showed him the fixture, which consisted of a " globe bracket, and contained a bulb "; that the salesman demonstrated the fixture and told that defendant that the bulb was a one hundred watt bulb, and that it would give just as much light as the one hundred and fifty watt light which the witness was then using in his store; that the witness later received the fixtures from the plaintiff and installed them, " the fixtures corresponding in every particular to the one exhibited and demonstrated, and the defendant has used the fixtures and lights ever since that time and made the first payment on same, but no other payments were made."

The defendants contend and offered evidence to show that the fixtures were equipped with one hundred and fifty watt bulbs, and that by reason of false representations of the plaintiff's agent, they were induced to make the contract. The contract contains the following recital: " All verbal or written agreements not mentioned in this contract are void." The defendants seek to rescind the sale because of the alleged false representations. We need not decide whether the representations of the agent could be found to be ground for such rescission.

To entitle a buyer to rescind a sale, he must have notified the seller within a reasonable time of his election to rescind,

and must return or offer to return the goods sold in substantially as good condition as they were in at the time when the property passed. This rule applies under the sales act, St. 1908, c. 237, § 69, cl. 3, now G. L. c. 106, § 58, cl. 3, and is in accord with the rule of the common law. *Dorr* v. *Fisher*, 1 Cush. 271, 274. *Bassett* v. *Brown*, 105 Mass. 551. *Skillings* v. *Collins*, 224 Mass. 275, 277. *Loomis* v. *Pease*, 234 Mass. 101, 107. Williston on Sales, §§ 610, 611. The undisputed evidence shows that the defendants have used the goods sold ever since the sale was made, and that no offer has been made to return them. In these circumstances, they cannot rescind the sale but are chargeable for the contract price.

The trial judge rightly allowed the plaintiff's motion for a directed verdict in its favor.

*Exceptions overruled.*