## SKATES v. HARTSFIELD, Sheriff.

(6 Div. 949.)

Supreme Court of Alabama. June 30, 1927.

Rehearing Denied Oct. 20, 1927.

1. Injunction ☞34—Injunction will not be granted to protect personal property, in absence of special circumstances.

Generally speaking, an injunction will not be granted to protect the property interest in personal property, where there are no special circumstances.

2. Injunction ☞34—Injunction will not be granted to protect personal property, where there is adequate remedy at law for damages.

Generally speaking, an injunction will not be granted to protect property interest in personal property, where there is an adequate remedy at law for damages.

3. Injunction ☞74—Equity will not coerce public official, unless matter is subject to mandamus and petitioner has right to act.

Generally speaking, equity will not coerce a public official in order to secure the performance of his official duty, or in order to vindicate the public laws, unless the matter may be made subject of mandamus and the petitioner has the right to have the official act in the premises.

4. Injunction ☞118(4)—Bill seeking injunction against interference with nickel slot machines, return of those seized and replacement of those destroyed held insufficient, as showing adequate remedy at law and not alleging peculiar value not compensable in damages.

Bill describing certain nickel slot machines, alleging that depositor of nickel always received a mint, and in addition chips, or a nickel, every time the machine was played, and that sheriff had seized and defaced some of the machines, and threatened to seize and destroy all of them, and asking injunction against interference, return of machines seized, and replacement of those destroyed, held insufficient, as showing on its face that there was an adequate remedy at law for all wrongs, actual or threatened, and as failing to aver that the machines had any peculiar value, which could not be compensated in damages.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill for injunction by John Skates against J. C. Hartsfield, as Sheriff of Jefferson County. From a decree dismissing the bill, complainant appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

The bill has equity, and it was error to sustain demurrer thereto. Queen City Grain Co. v. Cunningham, 128 Ala. 647, 29 So. 583, 86 Am. St. Rep. 164; Long v. Shepherd, 159 Ala. 597, 48 So. 675; Christian Church v. Sommer, 149 Ala. 145, 43 So. 8, 8 L. R. A. (N. S.) 1031, 123 Am. St. Rep. 24; Deegan v.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Neville, 127 Ala. 471, 29 So. 173, 85 Am. St. Rep. 137; Ryan v. Young, 147 Ala. 660, 41 So. 954; Eidge v. Bessemer, 164 Ala. 601, 51 So. 246, 26 L. R. A. (N. S.) 394.

Charlie C. McCall, Atty. Gen., Thos. E. Knight, Jr., Asst. Atty. Gen., and Mullins & Jenkins, of Birmingham, for appellee.

The bill shows on its face that complainant has an adequate remedy at law. It is without equity. Torbert v. McFarland, 172 Ala. 117, 55 So. 311; Gulf Comp. Co. v. Harris, 158 Ala. 343, 48 So. 477, 24 L. R. A. (N. S.) 399. Equity will not intervene to protect property interest in personal property where there are no special circumstances to justify it. Pryor Motor Co. v. Hartsfield, 207 Ala. 646, 93 So. 524.

THOMAS, J. The appellant filed his bill against the respondent, who is sheriff of Jefferson county, seeking "a writ enjoining or restraining the defendant, as sheriff, from seizing, defacing, or molesting the possession or custody of the said mint machine, as described in this bill, that he then be required to restore to the complainant any or all the said machines held or seized by defendant or his deputies, over which this complainant has ownership or control, replacing to complainant the two machines demolished, defaced, and damaged, together with all the equipment and contents of the said machine, and that defendant be required to have his deputies cease such operations, threats, or intimidations as herein described, or any other possessory interest of the complainant." The machines referred to in the bill were described as "seven nickel slot machines, equipped with O. K. mint, and operated by a lever after the nickel has been deposited," etc. As to its operation, the bill avers:

"After several successive deposits the depositor of the nickel receives at times nickels with his mint, never failing to receive his mint, same size and same character as that sold in different drug stores and other places for five cents, there is also a device in this said machine whereby a chip is played, and depositor receiving ships or nickels every time the machine has been played, which chip is only good, or to be used in the store where the machine has been placed, in this way stimulating the trade of that store or place of business only to that one place."

It is further averred that deputies of the respondent have seized and defaced some of the machines in the absence of process from any court, and that the sheriff "through his deputies and officers now threatens to seize and destroy all of the said machines and the equipment." Respondent, appellee, demurred to the bill for want of equity, and the court sustained the demurrer and dismissed the bill; it not being such as may be given equity by due amendment.

[1-3] Generally speaking, equity will not intervene to protect the property interest in personal property where there are no special circumstances to justify the resort to injunction, Pryor Motor Co. v. Hartsfield, 207 Ala. 646, 93 So. 524, or where there is an adequate remedy at law for the damages, Aderholt & Co. v. Smith, 83 Ala. 486, 3 So. 794, Torbert v. McFarland, 172 Ala. 117, 55 So. 311, Friedman v. Fraser, 157 Ala. 191, 47 So. 320, 22 Cyc. 816, note 52, and will not coerce a public official in the performance of official duty, or for vindicating the public laws, except in a matter the subject of a mandamus, and where the petitioner has the right to have the official to act in the premises.

[4] Appropriate to this appeal it is sufficient to say that the bill shows upon its face that the complainant has an adequate remedy at law for all the wrongs, actual or threatened, and referred to in the pleading, and fails to aver that any or all of these machines have any peculiar value to their owner which could not be compensated in damages. Pryor Motor Co. v. Hartsfield, supra. The liability, if such there is, must be asserted at law. Torbert v. McFarland, 172 Ala. 117, 55 So. 311; Gulf Compress Co. v. Harris, Cortner & Co., 158 Ala. 343, 48 So. 477, 24 L. R. A. (N. S.) 399; Poole v. Griffith, ante, p. 120, 112 So. 447.

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.