(117 So. 622)

**BOWEN et al. v. BEARDEN.** **(7 Div. 800.)**

Supreme Court of Alabama. June 28, 1928.

Knox, Dixon, Sims & Bingham, of Talladega, for appellants.

Harrison & Stringer, of Talladega, for appellee.

BOULDIN, J. The entire case-made by the bill is stated in one section as follows:

"Second. That your orator is the owner of twenty bales of cotton for which negotiable warehouse receipts have been issued by said Farmers' Union Warehouse Company, and that the receipts issued by said Farmers' Union Warehouse Company are numbered as follows: [Numbers are here set out.]—and that the said Carl Bowen, Nettie Bowen, and T. B. Russell have wrongfully taken possession of said warehouse receipts, and they have pledged same to said Talladega National Bank, and that complainant has not consented to respondents taking possession of said receipts or to said pledge of same, and that it is necessary in order for your orator to protect his title to said cotton for him to enjoin the negotiation of said receipts, and to enjoin the delivery of said cotton by said warehouse to any persons other than your orator."

The prayer is for an injunction restraining the negotiation or transfer of the receipts, for a decree awarding the cotton to complainant, and for general relief.

Complainant's theory is that under Code, § 10531, part of the Uniform Warehouse Receipt Act, the warehouseman cannot be compelled to deliver the cotton until the receipt is surrendered, and that in such case the court of equity has jurisdiction to impound or recover the warehouse receipt and require surrender of the cotton. 1 Pom. Eq. § 185; Friedman v. Fraser, 157 Ala. 191, 47 So. 320.

The bill is so omissive and general in its averments as not to show the legal or equitable rights of the parties in the receipts or the cotton they represent. The bill concedes that the receipts were duly issued and are in condition to be negotiated by a person who has obtained possession thereof wrongfully. It does not show who had possession of them when the bill was filed. This omission is pointed out by demurrer. If we assume they remain in possession of the bank, to whom they were pledged by the holders, it is not shown that the bank is not a bona fide holder in due course. If issued to the owner and by him made to run in favor of the bearer, or if by him indorsed to bearer, it cannot be said one who has obtained possession without his consent may not pass to a pledgee a good title in any event. Code, §§ 10506, 10546.

The fourth and eighth grounds of demurrer should have been sustained.

As the bill is now framed, no construction of the Warehouse Receipt Act or remedies in equity by the owner or warehouseman will be undertaken. We cannot anticipate what questions will be involved if complainant seeks to amend and give it equity.

Appellee would justify the decree overruling the demurrer on the ground that respondents were in default in filing answers to statutory interrogatories. Interrogatories were filed December 14th and decree rendered January 31st following. Sixty days allowed by statute had not elapsed. Code, § 7770.

We do not decide that an erroneous ruling on demurrer will not be reviewed in case the record discloses the demurrant was in default in this regard, especially if it does not appear the court acted upon that ground. This is not named as an alternative penalty under section 7770.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.