(125 So. 684)
## MAYO v. FORD. (6 Div. 413.)

Supreme Court of Alabama. Jan. 16, 1930.

Ernest B. Fite, of Hamilton, for appellant.

K. V. Fite, of Hamilton, for appellee.

GARDNER, J. The bill seeks a recovery from defendant Mayo of certain notes and real estate mortgages and an accounting for any proceeds of collections thereon. That complainant has a plain and adequate remedy at law, and the bill is therefore without equity is the only assignment of demurrer here urged.

The argument is that an action of detinue will answer all purposes, and that complainant should be remitted to his action at law. Such was the conclusion of this court in Friedman v. Fraser, 157 Ala. 191, 47 So. 320, as to recovery of bonds, which appeared, however, to have had a fixed and marketable value ascertainable in a court of law.

Equity has assumed jurisdiction to compel delivery of deeds, muniments of title, and other written instruments, the value of which cannot, with any reasonable certainty, be estimated in money. The jurisdiction "rests upon the fact that the only relief which the plaintiff can have is the possession of the identical thing, and this remedy cannot with certainly be obtained by any common law action." 1 Pomeroy Eq. Jur. § 185; 21 C. J. 62, note E; Scarbrough v. Scotten, 69 Md. 137, 14 A. 704, 9 Am. St. Rep. 409; Kelly v. Lehigh Mining Co., 98 Va. 405, 36 S. E. 511, 81 Am. St. Rep. 737; Bowen v. Bearden, 218 Ala. 67, 117 So. 622.

But further consideration of the principle recognized in these authorities is unnecessary, as apart therefrom the bill discloses that complainant's remedy at law would be unavailing.

It is averred that notwithstanding the fact the notes and mortgages were solely the property of complainant's intestate, and defendant Mayo in equity has no right, title, or interest therein, yet on their face they are each made payable jointly to complainant's intestate and said Mayo, which fact, in a court of law, controlled by the bare legal title, would defeat an action for their recovery. The averments of the bill in this respect (sufficiency of which is not here challenged) suffice to demonstrate that complainant has no adequate remedy at law, which is the foundation of equity jurisdiction. National Life & Acc. Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656.

We conclude therefore the bill has equity, and the decree of the court below will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.