ANTHONY LABAGNARA *vs.* KANE FURNITURE COMPANY.

Suffolk.     December 24, 1934. — January 2, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Equity Jurisdiction,* Adequate remedy at law. *Sale,* Rescission, Conditional.

A demurrer to a bill in equity on the ground that the averments of the bill disclosed that the plaintiff had a plain, adequate and complete remedy at law properly was sustained where it appeared from the averments of the bill that, more than two years after he made a contract of conditional sale of furniture, the plaintiff by his bill sought its rescission on the ground of fraud in its inception; that he still retained possession of the furniture and made no offer to return it; and that, although the plaintiff had known of the fraud for two years, he had continued to make payments under the terms of the contract, some of which payments were not made under protest or compulsion: it was an unescapable conclusion from the bill itself that the plaintiff had elected to affirm the sale.

An averment in the bill above described, that the defendant had failed to give the plaintiff a copy of the contract of conditional sale, as re-

quired by G. L. (Ter. Ed.) c. 255, § 12, especially where it was not averred that such failure was through the defendant's negligence, furnished no ground for enjoining the defendant from pursuing the right to repossess the furniture given him by the contract.

BILL IN EQUITY, filed in the Superior Court on June 14, 1934.

A demurrer to the bill was heard by *Goldberg*, J., by whose order there was entered an interlocutory decree sustaining the demurrer. By order of *Weed*, J., a final decree was entered dismissing the bill. The plaintiff appealed from both decrees.

The case was submitted on briefs.

*E. J. Sanderson*, for the plaintiff.

*S. Berkett*, for the defendant.

QUA, J. This is a bill in equity. The case is here on the plaintiff's appeals from an interlocutory decree sustaining the defendant's demurrer and a final decree dismissing the bill. The demurrer is based solely on the ground that the plaintiff has a plain, adequate and complete remedy at law.

The allegations of the bill may be summarized as follows: About April 7, 1932, the plaintiff and his wife purchased of the defendant "from sample" a bedroom set for the total sum of $326.10. The plaintiff paid a deposit of $30 and signed a paper "which he understood was a lease" but he did not receive a copy of the paper at the time and has never been given one, though he was given a receipt book which stated that it was issued in connection with "Lease No. 38817." On May 13, 1932, additional merchandise to the amount of $22.50 was added to the account. The merchandise purchased April 7 was delivered before May 1. A few days after delivery the plaintiff complained at the defendant's office that the bedroom set was not as good as the one he had been shown at the defendant's showrooms and requested that the defendant take it back and deliver the kind of set he had purchased. He was told that this set was exactly like the one shown him, and he said nothing further at that time. Some time later the plaintiff discovered that the furniture delivered to him was not new but had been superficially refinished to look like new. Since that time

he has repeatedly complained at the defendant's office and he has received promises that the trouble would be rectified, but very little has been done beyond sending service men to look at the furniture, except that the defendant has replaced a chest of drawers by another, which proved to be in even worse condition than the first one. The plaintiff has made payments on account from time to time to the amount of $137.60, "mostly under protest or compulsion." On or about April 25, 1934, more than two years after the original purchase, the plaintiff received from the defendant written notices of the defendant's intention to foreclose the "lease" and to take the property. On June 11, 1934, the defendant "extorted" $5 from the plaintiff under threat of immediately removing the furniture. The plaintiff and his wife are young, inexperienced and ignorant of their legal rights and therefore failed to protect themselves properly, and the defendant took advantage of their ignorance and inexperience for the purpose of deceiving and defrauding them.

The prayers of the bill are that the lease be declared null and void, that the rights of the parties be determined, for general relief, and that the defendant be temporarily restrained from collecting from the plaintiff any of the sums claimed to be due "either by foreclosure of said alleged lease or otherwise." It is a necessary inference from the bill that the plaintiff still retained the property in question when the bill was filed.

If we assume with the plaintiff that as against a demurrer based solely on the ground that there is an adequate remedy at law (*Sullivan* v. *Judges of the Superior Court*, 271 Mass. 435, 436), such a bill, notwithstanding its vague allegations as to the nature of the alleged fraud and as to other essential matters, must be treated as a bill to rescind a conditional sale in the form of a lease on the ground that the plaintiff was originally induced to enter into it by fraud of the defendant, yet it appears from the bill itself that the plaintiff has retained the furniture for two years or more after discovery of the alleged fraud and that he has continued to

make payments, some of which at least are not alleged to have been made "under protest or compulsion." He makes no offer now to return the furniture. It is an unescapable conclusion from the bill itself that the plaintiff has elected to affirm the sale. *Bassett* v. *Brown,* 105 Mass. 551. *McKinley* v. *Warren,* 218 Mass. 310. *Edison Fixture Co. Inc.* v. *Maccaferri,* 250 Mass. 460. *McNulty* v. *Whitney,* 273 Mass. 494, 500. Any decisive act of choice with knowledge of the facts is an election. *Connihan* v. *Thompson,* 111 Mass. 270.

It follows that the plaintiff's only remaining right is to recover damages for the alleged fraud. *Whiteside* v. *Brawley,* 152 Mass. 133. *Whiting* v. *Price,* 172 Mass. 240, 243. *Patch* v. *Cashman,* 244 Mass. 378. *Roche* v. *Gryzmish,* 277 Mass. 575. For the enforcement of this right the plaintiff's remedy at law is as full, complete and adequate as any remedy equity could give him.

But the plaintiff points to the allegation in his bill with reference to the "lease" that "he did not receive a copy of this paper at the time and has never since been given one." He cites G. L. (Ter. Ed.) c. 255, § 12, which requires a conditional vendor to furnish a copy of the contract to the vendee and further provides that "A failure of the vendor through negligence to comply with any provision of this section shall suspend his rights under the contract while the failure continues." He argues that by reason of this section the defendant has no right to repossess the furniture until the defendant shall have furnished the copy and that the plaintiff is therefore entitled to maintain the bill to restrain the defendant from doing that which for the time being would constitute an unlawful interference with the plaintiff's rights in the property, and that the plaintiff has open to him no adequate remedy at law to meet this particular situation. An immediate answer to this contention is found in the fact that the statute by its terms relates only to a failure of the vendor to furnish the copy "through negligence," but that the bill entirely fails to allege negligence. It is not only possible in fact but is

consistent with the bill that the failure of the plaintiff to receive his copy was not due to negligence of the defendant, but was accidental or due to other causes. Thus this part of the bill fails to show that a taking of the property by the defendant would be a violation of the statute or a legal wrong of any kind for which there would be any remedy at all. A more fundamental reason for denying this contention of the plaintiff is that aside from the so called equitable replevin under G. L. (Ter. Ed.) c. 214, § 3 (1), and in the absence of special circumstances or of some particular ground for relief in equity, the legal remedies by action for conversion or of replevin are regarded as adequate and complete for the protection of possessory rights in ordinary kinds of personal property. *Van Norden* v. *Morton,* 99 U. S. 378. *Jones* v. *MacKenzie,* 122 Fed. Rep. 390. *Johnson* v. *Connecticut Bank,* 21 Conn. 148, 157. *Keystone Electric Light, Heat & Power Co. of Gettysburg* v. *Peoples' Electric Light, Heat & Power Co. of Gettysburg,* 200 Penn. St. 366. *Skates* v. *Hartsfield,* 216 Ala. 618. *Long* v. *Barker,* 85 Ill. 431. *Young's Executor* v. *Young,* 9 B. Mon. 66. *San Antonio Water Co.* v. *Bodenhamer,* 133 Cal. 248. *Brooks* v. *Tyner,* 38 Okla. 271. *Gobbi* v. *Dileo,* 58 Ore. 14. *Moore* v. *Steelman,* 80 Va. 331. *Wilkinson* v. *Stitt,* 175 Mass. 581, and *Berry* v. *Friedman,* 192 Mass. 131, were cases where special circumstances existed as a basis for jurisdiction in equity, but in the case last cited the court recognized the principle stated above. This part of the bill contains no averments which can take this case out of the general rule. On the contrary, the bill itself shows that the plaintiff's claim for relief on the ground of failure to furnish him with the copy of the lease, even if it were valid, is at best not a claim for any permanent remedy, but is a contention of which it seems that the defendant can deprive the plaintiff at any time even now by giving him a copy. So far as appears, the granting of an injunction would be futile, and under these circumstances it would not be granted in any event. *Owen* v. *Field,* 12 Allen, 457, 458.

Inasmuch as an examination of the whole bill discloses no averments of wrongs accomplished or threatened for

which the legal remedies would not be adequate, the demurrer was rightly sustained and the final decree was rightly entered.

*Interlocutory decree affirmed.*

*Final decree affirmed with costs.*