160 So. 538

## SAMPLES v. GRIZZELL et al.
### 8 Div. 617.

Supreme Court of Alabama.
March 21, 1935.

D. Isbell, of Guntersville, for appellant.

W. C. Rayburn, of Guntersville, for appellees.

Brief did not reach the Reporter.

GARDNER, Justice.

In this state it is now well settled that fraud alone is not a distinctive ground of eq-uity jurisdiction, nor do courts of equity assume jurisdiction merely for the purpose of declaring a rescission. In all such cases the right of appeal to a court of equity rests upon the broad ground—the foundation stone of equity jurisprudence—of inadequacy of the remedy at law. These well-recognized principles have found restatement in the following, among other, of our authorities: Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1; Mayo v. Ford, 220 Ala. 426, 125 So. 684; Morgan v. Gaiter, 202 Ala. 492, 80 So. 876; National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656; Price v. Hall, 226 Ala. 372, 147 So. 156; Nicolopoolos v. Donovan, 221 Ala. 16, 127 So. 543; Wood v. Master Schools, Inc., 221 Ala. 645, 130 So. 178; Merritt v. Ehrman, 116 Ala. 278, 22 So. 514.

The bill disclosed that the mortgage to defendant Grizzell was to secure the purchase price of two mules, warranted to be of sound health, and an attempted rescission by complainant of the sale for breach of said warranty. Fraud and misrepresentation in the sale of the mules is also alleged, but in a very general and inadequate manner. No ground of demurrer, however, assailed this phase of the bill, and, indeed, the grounds assigned, with one exception, are of a general character, and can only be considered as challenging the equity of the bill. The exception noted is the fourth ground of demurrer. But there is nothing in the bill's averments upon which this assignment may rest, and it may properly be classed as a speaking demurrer, needing no further consideration.

It appears from the bill that the mortgagee, Grizzell, who has been awarded the cotton in a contest with the claimant in the circuit court, is insolvent, and complainant has been denied any right of intervention in that suit. All of which is to be considered also in the light of the fact that the cotton is represented by warehouse receipts, negotiable instruments, now in the hands of the clerk of the court, who is here made a party, to the end that no disposition be made of said receipts until complainant's rights had been determined.

This feature of the case is somewhat akin to the situation presented in the recent case of Pat Warrick, Adm'r, v. Liddon (Ala. Sup.) 160 So. 534,[1] where the bill sought injunctive relief against a disposal of the receipts pending the determination of complainant's right to subject the same to the satisfaction of his judgment, necessitated doubtless by the pro-

[1] Post, p. 253.

178

visions of section 10531, Code of 1923, to the effect that in no case shall the warehouseman be compelled to deliver up the actual possession of the goods until a surrender of the receipt or its impoundment by the court.

All of the foregoing considerations are therefore persuasive of the inadequacy of complainant's remedy at law. The bill has equity, and was not subject to any assignment of demurrer interposed thereto.

We may add, in view of the remandment of the cause, that we see no merit in the suggestion of the invalidity of the mortgage because it purports to convey only the mortgagor's one-half interest in the crops.

The decree sustaining the demurrer will therefore be here reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.