No. 324310

## MOE FISHER
### v.
### LEWIS STANETSKY d-b-a
## NEW ENGLAND STORE FIXTURE CO.

(June 14, 1954)

*Adlow, C. J.* Action of contract to recover the purchase price of a cash register originally sold by the defendant to the plaintiff for the sum of $150.00.

There was evidence that on August 21, 1950 the defendant sold to the plaintiff a second hand cash register with a guarantee that "above register in good order for period of one year from above date." On or about November 7, 1950, the plaintiff notified

the defendant that the cash register was out of order, and the defendant picked up the register for purposes of repair. To accommodate the plaintiff while his register was being repaired the defendant loaned him another cash register, which was not of the same type as the original machine.

During the following two month period the plaintiff called the defendant about 15 times and was advised that the machine had been sent out to be repaired and had not yet been returned. As a consequence of the delay the plaintiff notified the defendant of his desire "to call the whole thing off", and he offered to return the cash register that had been loaned to him. On January 13, 1951 the plaintiff's attorney notified the defendant in writing of his intention to rescind the transaction. On January 24, 1951 the plaintiff's attorney notified the defendant that the cash register which had been loaned was at his office. There was evidence that no one acting for the defendant ever attempted to recover this cash register from his office.

In view of the warranty which was a part of the original sale, any breach of same would have justified a rescission of the transaction. G. L. c. 106, §58 (1) (d). It is urged that no complete rescission has yet been effected which would entitle the plaintiff to a refund of the purchase price because the machine that was loaned to the plaintiff has not yet been returned to it. We cannot agree. As for the cash register which was the subject matter of the original sale, it is now in the hands of the seller, it was returned to the seller for the reason that it did not measure up to the warranty under which it was sold, and, in addition to these facts, the purchaser notified the defendant of his desire to rescind. All these should suffice to entitle the buyer to a return of the purchase money.

While it would appear that the loan of a second machine by the seller was a mere accommodation for the benefit of the buyer which in no manner

affected the original sale, it is sufficient for our purposes to note that the buyer has offered to return this machine to the seller and that his attorney advised the seller by written communication that the machine could be recovered at his office. In view of the fact that the seller delivered the machine involved to the buyer, it would appear that on invitation to the seller to come and take it back, this offer of return would suffice to meet the conditions imposed by the provisions of G. L. c. 106, §58 (3). *Edison Fixture Co., Inc. v. Maccaferri*, 250 Mass. 460, 461-462; See *Ryder & Brown Co. v. Lissberger Co.*, 300 Mass. 438, 445. *Report Dismissed*.

Fitzpatrick & Moger, Leonard R. Sweet, for the plaintiff.

Widett & Kruger, for the defendant.