NORTH PACKING AND PROVISION COMPANY *vs.* MARGARET E. LYNCH.

Suffolk.    March 7, 1907. — June 26, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Evidence,* Extrinsic affecting writings.    *Sale.    Contract.*

At the time of the making of an agreement as to the sale of merchandise, the vendee signed and gave to the vendor an instrument in writing stating some of its terms. The vendor did not sign and was not mentioned in the instrument. *Held,* that the instrument was not a contract of sale in writing the terms of which could not be added to by evidence showing that there were agreements between the parties other than those stated therein.

At the trial of an action of contract for the price of one hundred cases of eggs, the plaintiff introduced as evidence of the contract the following instrument signed by the defendant only : " 100 Cases Eggs, 3000–19¢.    Storage rate. . . . He to make deposits . . . upon delivery into storage. . . ."    The defendant offered evidence tending to show that the plaintiff agreed to deliver eggs of a certain quality and had not done so.    The presiding judge refused to admit the evi-

dence on the ground that the contract between the parties was in writing and could not be varied by parol evidence. *Held*, that the evidence should have been admitted, the instrument being a mere bill of parcels, as to which the rule that extrinsic evidence is not admissible to vary or control a contract in writing did not apply.

CONTRACT for the price of one hundred cases of eggs alleged to have been sold to the defendant by the plaintiff. Writ in the Municipal Court of the City of Boston dated March 17, 1906.

On appeal to the Superior Court, the case was tried before *Bell*, J. The plaintiff offered the following writing, which was signed by the defendant:

" T. H. Lynch Estate.                                           4–13–05

" 100 Cases Eggs, 3000–19c. Storage rate of 42c. per case for season. He to make deposits of $1. per case upon delivery into storage. He to pay interest at 6 % on amount exceeding deposits of $1 per case.

" Rate of storage expires Jan. 1st.

                                                           " Lynch."

The defendant offered evidence tending to show that the agreement between the parties was that the plaintiff should deliver to the defendant eggs of a certain grade, and that the plaintiff had not done so. The presiding judge ruled that " the writing was a written contract and the entire contract between the parties " and could not be varied " by parol evidence," and excluded the evidence. The defendant excepted.

The case was submitted on briefs.

*F. P. Garland & E. D. Wright*, for the defendant.

*W. J. Gaffney*, for the plaintiff.

RUGG, J. The instrument in writing offered by the plaintiff is not a contract of sale. But one party is named. At least two persons are required to make a contract. No reference to or description of the plaintiff in any form appears upon the paper, the defendant alone being named. It is an essential element of any valid contract in writing that the contracting parties should be described. *Sanborn* v. *Flagler*, 9 Allen, 474. *Potter* v. *Duffield*, L. R. 18 Eq. 4. *Williams* v. *Lake*, 2 El. & El. 349. *Jarrett* v. *Hunter*, 34 Ch. D. 182. The writing probably at most does not rise above the dignity of a mere memo-

randum signed by the defendant, which would be competent but not exclusive evidence as to the terms of the contract entered into between the parties. No question arises under the statute of frauds.

Without putting the decision upon this ground, we pass to another consideration, which is decisive. The paper does not purport to be a contract of sale. It is a detailed description of the terms and conditions upon which eggs may be stored. If there is cut out of the paper all that relates to this subject, there remains, outside date and name of defendant, only this : " 100 Cases Eggs 3000–19c. . . . He to pay interest at 6 % on amount exceeding deposits of $1.00 per case. . . ." This amounts to nothing more than a mere bill of parcels with a statement as to interest to be charged. This is a class of paper commonly used in trade and commerce, and has never been held to be a contract in writing. The rule that parol evidence is inadmissible to vary or control a contract in writing is not applicable to such a paper. A bill of parcels is informal, not designed or employed to set forth the terms of the bargain or sale. *Fletcher* v. *Willard*, 14 Pick. 464. *Hildreth* v. *O'Brien*, 10 Allen, 104. *Stacy* v. *Kemp*, 97 Mass. 166. *Hazard* v. *Loring*, 10 Cush. 267. *Edgar* v. *Breck & Sons Corp.* 172 Mass. 581. *Dunham* v. *Barnes*, 9 Allen, 352. *Shenck* v. *Saunders*, 13 Gray, 37. *Atwater* v. *Clancy*, 107 Mass. 369. *Commonwealth* v. *Jeffries*, 7 Allen, 548, 564. . *Walker* v. *Staples*, 5 Allen, 34. *Caswell* v. *Keith*, 12 Gray, 351. *Harper* v. *Ross*, 10 Allen, 332. The evidence offered by the defendant as to what the terms of the contract were should have been received.

*Exceptions sustained.*