## MOSES EHRLICH *vs.* UNITED SMELTING AND ALUMINUM COMPANY.

Hampden.    November 25, 1924. — March 3, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Sale*, Memorandum.   *Evidence*, Extrinsic affecting writing.

At the hearing by a judge of the Superior Court without a jury of an action against a corporation for the purchase price of metal chips and turnings, there was evidence tending to show that an agent of the defendant interviewed the plaintiff; examined the two bins of the goods; saw in the smaller bin chips and turnings with a trace of aluminum which made them less valuable, as he knew; bargained with the plaintiff; and finally agreed upon a price and signed with the plaintiff, as accepting the goods on behalf of the defendant, a paper, which contained the words, "Gentlemen: We confirm having sold you this day material as follows:" followed by a setting out of the various articles, the prices, and terms of payment and delivery, and in which the chips sold were described as "1 carload composition chips."  The next day the defendant sent to the plaintiff an order beginning "Please furnish this Company with the following material, as per conditions below," which

contained the same items of articles, prices, terms of payment and of shipment as the confirmation, and also additional provisions, among them the provision, "All Material must conform to Specifications stated herein, or in correspondence leading to this Purchase, if not; same will be rejected with option to us to cancel order or have Material replaced immediately with goods as ordered." In the metal trade the words, "composition chips" or "turnings," meant chips without aluminum. All the above evidence was admitted without objection. The judge found for the plaintiff. *Held,* that

(1) Although the confirmation paper contained all the elements of a contract, the conduct of the signers showed that they considered it as a memorandum only;

(2) There was no error in refusing to rule that the plaintiff had "failed to perform under the terms of the written memorandum of sale and" could not "vary these terms by the verbal agreement alleged to have been made prior to the execution of such written instrument;"

(3) A finding was warranted that there had been a purchase of specific bins of composition chips intentionally referred to by that name though known to include one bin which had traces of aluminum, delivery in accordance with the terms of sale, and an obligation on the part of the defendant to pay the full price agreed.

CONTRACT upon an account annexed for $4,377.71. Writ dated June 28, 1923.

Only one item in the account annexed to the declaration was disputed. It read, "May 16, 1923, 38,913 lbs. of composition chips, $4,377.71." The defendant filed the declaration in set-off described in the opinion, which, as amended, set up a claim for $1,289.14.

The action was heard by *Burns,* J., without a jury. Material evidence is described in the opinion. The judge found for the plaintiff in the sum of $3,240.81. The defendant alleged exceptions.

The case was submitted on briefs.

*C. S. Lyon & A. B. Green,* for the defendant.

*H. M. Ehrlich,* for the plaintiff.

WAIT, J. The plaintiff brought suit upon an account annexed for goods sold and delivered. The defendant filed a declaration in set-off, which alleged a breach of warranty in regard to one of the items of the account, a refusal to accept delivery, and a payment on account, and which claimed repayment of the amount so paid. There was no dispute that the defendant owed for the other items; but if it did

not owe for the disputed item and was entitled to recover the payment made, the balance on the whole account would be in its favor.

The judge of the Superior Court, who heard the case without a jury, found for the plaintiff. At the conclusion of the evidence the defendant presented the following motion: "Comes now the defendant at the close of all the evidence and moves that a verdict be directed for the defendant on any or all of the following grounds: 1. Upon the pleadings and evidence the plaintiff cannot recover. 2. The plaintiff failed to perform under the terms of the written memorandum of sale and plaintiff cannot vary these terms by the verbal agreement alleged to have been made prior to the execution of such written instrument."

The case is before us upon exceptions to the denial of the motion. We treat it as if it had been a motion to direct a verdict for the defendant in a trial to a jury. There was evidence, admitted without exception, which, though contradicted in part, would justify the following findings: One Lapides, an agent of the defendant, visited the plaintiff's place of business on March 12, 1923, and there bargained, among other things included in the declaration, for the entire contents of two bins of composition chips and turnings. The chips and turnings in the smaller bin contained a trace of aluminum. The presence of aluminum in the chips renders them less valuable. Lapides knew of the aluminum, and the price for the chips in both bins was made lower on account of its presence in the contents of the smaller bin. After examining the goods, the plaintiff and Lapides discussed purchase, prices, and terms of sale. By the plaintiff's direction a paper bearing the words, "Gentlemen: We confirm having sold you this day material as follows:" was then prepared which set out the various articles, the prices, terms of payment and delivery, and in which the chips sold were described as "1 carload composition chips." This paper was then signed by the plaintiff; and under the word "Accepted" and the date, "United Smelting & Alum Co. By L. Lapides, Secy." The next day the defendant sent to the plaintiff an order beginning "Please furnish this Com-

pany with the following material, as per conditions below," which contained the same items of articles, prices, terms of payment and of shipment as the confirmation, and also additional provisions, among them one which will be stated later.

The shipment of the chips, at the defendant's request, was delayed until after May 15, 1923. The plaintiff shipped them, on May 16, properly packed with the contents of the two bins separate; and received the amount of a sight draft for seventy-five per cent of the price on May 17. The car was unloaded about June 7. On June 11, the defendant wrote that on unloading the "composition turnings" it found that they did not correspond with the order, in that they contained aluminum; that it had not purchased this class of material, and that it held them subject to the plaintiff's instructions. The plaintiff refused to take them back, and brought this suit.

In the metal trade the words "composition chips" or "turnings" mean chips without aluminum.

The defendant contended that the confirmation constituted a written contract; that under the parol evidence rule, oral evidence, though admitted without objection, could not be considered to vary the meaning of the words "composition chips," or to show that the parties used them in any other than the strictly technical sense of chips of composition which did not include aluminum.

It is true that the confirmation contains all the essentials of a contract, *North Packing & Provision Co.* v. *Lynch*, 196 Mass. 204, but the conduct of the signers shows that they regarded it as a memorandum only. Why, otherwise, should the defendant on March 13 send an "order" adding many details not discussed? Why, also, if the strict technical meaning was to be given to the words of the confirmation, should the order provide "All Material must conform to Specifications stated herein, or in correspondence leading to this Purchase, if not; same will be rejected with option to us to cancel order or have Material replaced immediately with goods as ordered"? There had been then no correspondence leading up to the purchase. There had been oral discussion, and the words of the order imply that specifications must be

given the sense in which the words had been used in that discussion.

There would be much force in the argument addressed to us by the defendant and in the many cases cited in its brief, had the case rested upon an express contract in writing. As it does not, they are immaterial. No question of the statute of frauds was raised. The oral evidence of the transaction was admitted without objection. The confirmation was introduced as a memorandum to be considered with other evidence in deciding what the obligations of the parties really were. *North Packing & Provision Co.* v. *Lynch, supra,* at page 206.

There was no error in refusing to rule as requested. . The judge could well find, as he did, a purchase of specific bins of composition chips intentionally referred to by that name though known to include one bin which had traces of aluminum; delivery in accord with the terms of sale; and an obligation on the part of the defendant to pay the full price agreed.

*Exceptions overruled.*