W. C. WARRICK *vs.* ORR MOTOR COMPANY.

Berkshire. September 20, 1927. — October 13, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Sale,* Warranty. *Evidence,* Competency.

At the trial of an action for breach of alleged oral warranties by the defendant at the sale to the plaintiff of an automobile, there was evidence by the plaintiff, contradicted by that of the defendant, that the oral warranties were made at the time of the sale and were relied on by the plaintiff to his damage, that the plaintiff had title to the automobile placed in another and that later a contract of conditional sale was signed and delivered by the defendant and the title holder which, if signed and delivered at the time of the sale, would have made the oral warranties of no effect; and evidence of the defendant was that the contract of conditional sale was signed and delivered at the time of the

sale. The judge struck from the record evidence as to the oral warranties and ordered a verdict for the defendant. *Held,* that

(1) A determinative question of fact was whether the contract of conditional sale was signed at the time of, or after the sale, and the evidence required its submission to the jury;

(2) The action of the judge was error.

CONTRACT, for breach of oral warranties in a sale to the plaintiff of an automobile. Writ dated May 7, 1925.

In the Superior Court, the action was tried before *Callahan,* J. Material evidence and exceptions by the plaintiff are stated in the opinion. The judge ordered a verdict for the defendant and reported the action to this court for determination.

*F. W. Bunnell,* for the plaintiff.

*F. M. Myers,* for the defendant.

PIERCE, J. This is an action of contract to recover damages for the alleged breach of express oral warranties that a Nash Sedan car, purchased of the defendant by the plaintiff, was "in perfect condition" and that it "would run not less than twelve miles on each gallon of gasolene." The case was tried to a jury. "Upon completion of the evidence the defendant moved that all the evidence relating to the parol warranties be stricken from the records"; the judge allowed the motion and the plaintiff duly excepted. The defendant then filed a motion for a directed verdict; this motion was allowed and the plaintiff duly excepted. At the request of the parties the judge reserved the case and reported it to this court "upon stipulation by the parties made in open court" that if his direction was right, judgment should be entered thereon for the defendant, but that if in giving such direction the judge erred, judgment should be entered for the plaintiff in the sum of $300.

The evidence introduced by the plaintiff would have warranted the jury in finding that the plaintiff himself purchased from the defendant the automobile on or about February 12, 1924, and caused it to be registered for his convenience merely in the name of Ann I. Martin, who was his wife at the time of the trial. On the other hand, the evidence for the defendant would have warranted a finding that the car was sold to Miss Martin or to her and the

plaintiff. Other evidence for the plaintiff, contradicted by evidence for the defendant, would have warranted the jury in finding that the defendant through its authorized agent, to induce the plaintiff to purchase the car, said to him and Miss Martin: "Our cars always give good mileage and we will guarantee you get twelve miles per gallon with this car." The plaintiff's testimony that he relied upon the above statements, and that he could "get only seven or eight miles to the gallon of gasolene" is not contradicted in the evidence or brief of the defendant.

The case for the defendant is that the car was sold either to Miss Martin or to Miss Martin and the plaintiff; that the plaintiff and Miss Martin purchased the car on the terms of a written conditional sale which they signed and delivered to the defendant when the car was delivered to them. This evidence was contradicted by the plaintiff and Miss Martin in respect to the time of the signing of the conditional sale instrument and as to its function.

Manifestly the evidence introduced by the plaintiff to the effect that the transaction was complete some days before the conditional sale agreement was presented for the signatures of Miss Martin and himself, in contradiction to the testimony introduced by the defendant in support of its contention that the signing of the instrument of conditional sale was contemporaneous with the delivery of the car, presented a vital question of fact for the determination of the jury which inhibited the order that the "parol warranties be stricken from the records." It results that in the opinion of a majority of the court the judge erred in this regard. Judgment is to be entered for the plaintiff in the sum of $300.

*So ordered.*