H. OWEN CORBETT & another *vs.* A. FREEDMAN & SONS, INC.

Plymouth.   January 16, 1928. — May 23, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Sale*, Warranty, By sample.   *Contract*, Performance and breach, Implied.

At the trial of an action upon an account annexed for shoe lasts alleged to
have been manufactured and sold by the plaintiff to the defendant, it
appeared that the lasts were to be made of a certain description and
according to a sample, that when delivered they were examined by the
defendant and returned to the plaintiff, the defendant asserting that
they were not according to description and sample, and that, the plain-
tiff refusing to accept them, they were placed in storage by the carrier.
There was evidence that some of the lasts were not of the agreed de-
scription and some were not according to the sample.   There was no
evidence that the lasts were of any substantial value to the defendant
or that he was in any manner benefited by the acts of the plaintiff.
The judge, subject to exception by the defendant, instructed the jury
as follows: "One hundred per cent performance is not required by our
laws; only a substantial performance is required of what the jury should
find to have been the contract between the parties.   It is well settled
in this Commonwealth that where a special contract has not been fully
performed, but the plaintiff has, in good faith, done what he believed
to be a compliance with the contract, and has thus rendered a benefit
to the defendant, he can recover the value of the services not exceeding
the contract price, after deducting the damage which the defendant has
sustained by the breach of the stipulations of the contract, and it is for
you to say . . . what damages, if any, have been sustained by the de-
fendant in this case." *Held*, that
  (1) The doctrine of unjust enrichment had no application to the case;
  (2) The charge was error and was harmful to the defendant.

CONTRACT.   Writ dated February 3, 1925.

In the Superior Court, the action was tried before *Dillon*, J.
Material evidence and an exception by the defendant to a
portion of the charge to the jury are stated in the opinion.
There was a verdict for the plaintiff in the sum of $452.55.
The defendant alleged exceptions.

*A. I. Fine*, for the defendant.

*W. G. Rowe & W. J. Callahan*, for the plaintiffs, submitted
a brief.

PIERCE, J.  This is an action of contract.  The declaration alleges that the defendant owes the plaintiffs $407.70, in accordance with an account annexed.  The answer is a general denial.  The case was tried to a jury at the November sitting, 1926, and a verdict was returned for the plaintiffs in the sum of $452.55.  The case is before this court on the exceptions of the defendant to a part of the instructions given to the jury.

The facts as they appear in the bill of exceptions in substance are as follows:  In August, 1924, one of the plaintiffs, then in the business of remodelling and selling remodelled wooden shoe lasts, showed a shoe last to a representative of the defendant, a manufacturer of shoes, and secured an order for a set of lasts to be remodelled into certain sizes after that model, and in one width, that of the model, which was D. This model was called a Briton.. The agreed price was seventy cents a pair.  The order was to be made up by a process of remodelling out of a set of second hand, or used, lasts.  While the order was in the process of being made, the representative of the defendant gave the plaintiffs an order for five hundred and seventy-seven pairs of second hand lasts, to be made up after the same model which formed the basis for the Briton D wides, in one width, C, and in various specified sizes.  It is for this set that the plaintiffs seek to recover.

Both sets of lasts were delivered at about the same time. The set of Briton D's were found satisfactory and were paid for by the defendant.  The Briton C wide lasts were delivered September 8, 1924.  The defendant's representatives examined them, and within a day or two notified the plaintiffs that the lasts were not right and the defendant would not keep them.  About a week thereafter these lasts were returned to the plaintiffs; upon the refusal of the plaintiffs to receive them, the carrier through whom they were sent placed them in a storage warehouse, and they were there up to the time of the trial.

At the trial there was evidence for the defendant which warranted a finding that a number of the "Briton C lasts . . . were not C wides"; that some of them were not the

sizes ordered; that some were misshapen, did not bear the proportions in the various parts which they should bear for the size and width ordered; and that some were not shaped after the model. And there was conflicting testimony whether certain lasts were C wide, whether certain ones were in the sizes ordered, whether they were sized like the model, and whether they bore the proportions which lasts of certain sizes and the required width should bear.

It is well settled in this Commonwealth that a buyer of a specific chattel, or chattel to be made in accordance with an agreement, cannot be held bound in any form of action to receive and pay for it unless it shall conform in quality and description to the chattel sold or shall be made according to the contract. *Gillis* v. *Cobe*, 177 Mass. 584. *M. K. Smith Corp.* v. *Ellis*, 257 Mass. 269. In the case at bar the plaintiffs contracted to deliver to the defendant five hundred seventy-seven pairs of lasts, which, when delivered, would be (1) in one uniform width, "C"; (2) in certain specified sizes; and (3) in conformity so far as shape was concerned with the model or sample. G. L. c. 106, § 30, provides: "It shall be the duty of the seller to deliver the goods, and of the buyer to accept and pay for them, in accordance with the terms of the contract to sell or sale." G. L. c. 106, § 16, provides: "Where there is a contract to sell or a sale of goods by description, there is an implied warranty that the goods shall correspond with the description and if the contract or sale be by sample, as well as by description, it is not sufficient that the bulk of the goods corresponds with the sample if they do not also correspond with the description." In the present case if the goods offered were not of the kind, quality and description sold, the defendant was not bound to accept them and could refuse to receive them; and if they were received he could return them or offer to return them to the plaintiffs. G. L. c. 106, § 58, (d). *Wiley* v. *Athol*, 150 Mass. 426, 434. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474. *Putnam-Hooker Co.* v. *Hewins*, 204 Mass. 426.

The portion of the charge which reads, "One hundred per cent performance is not required by our laws; only a

substantial performance is required of what the jury should find to have been the contract between the parties. It is well settled in this Commonwealth that where a special contract has not been fully performed, but the plaintiff has, in good faith, done what he believed to be a compliance with the contract, and has thus rendered a benefit to the defendant, he can recover the value of the services not exceeding the contract price, after deducting the damage which the defendant has sustained by the breach of the stipulations of the contract, and it is for you to say, gentlemen, what damages, if any, have been sustained by the defendant in this case," is a fairly accurate and comprehensive statement of the rule of law which measures the right of a plaintiff who has substantially performed an entire contract in the erection of a building on the soil of another and inadvertently and in good faith has failed to fulfill some term of it. *Hayward* v. *Leonard*, 7 Pick. 180. *Blood* v. *Wilson*, 141 Mass. 25. *Divito* v. *Uto*, 253 Mass. 239, 242, 243.

The doctrine of unjust enrichment has no application here; the defendant did not retain the lasts, there is no evidence that they were of any substantial value to him or that he was in any manner benefited by the acts of the plaintiffs.

The instructions were clearly harmful to the defendant, and the exceptions thereto must be sustained.

*So ordered.*