ISAAC SPECTOR *vs.* BERNARD ZUCKERMAN.

Middlesex.    January 16, 1929. — January 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Sale. Contract,* Performance and breach. *Practice, Civil,* Requests, rulings and instructions.

The vendor under a contract of conditional sale of household furniture delivered to the vendee six common chairs instead of five common chairs and one armchair as specified in the contract, but told the vendee on the same day that he would "take care of it at once." About a week later the vendor, at the request of the vendee, removed some scratches from the furniture; and about a week later, upon complaint by the vendee that extra leaves for the table had not been delivered, offered to deliver the armchair and the extra leaves, but the vendee refused to accept them. This offer was made and refused upon several occasions during a period of nearly five months. On one occasion during that period, the vendee promised to pick out another set, which had been offered by the vendor to replace the one delivered. In an action in a district court, commenced by the vendor against the vendee about eight months after the delivery of the furniture, to recover a balance due under the contract, the judge denied a request by the defendant for a ruling that the finding should be for the defendant; allowed "as propositions of law" requests by the defendant for rulings concerning the duty of the plaintiff to deliver goods in accordance with the contract, and the right of the defendant to a reasonable opportunity to examine the goods before being deemed to have accepted them and to reject them if not conformable to the contract, but stated that such requests were not "applicable to the finding of facts"; denied, "as not applicable to the facts found," requests by the defendant for rulings as to the rights and duties of the parties on the assumption that the plaintiff had not delivered furniture in conformity with the contract and that the defendant had rejected it; and found for the plaintiff. *Held,* that there was no error in the judge's disposition of the defendant's requests for rulings; and that the finding was warranted.

CONTRACT to recover $100, a balance alleged to be due under a contract of conditional sale of household furniture. Writ in the First District Court of Eastern Middlesex dated July 19, 1927.

Material evidence at the trial in the District Court is stated in the opinion. The defendant filed the following requests for rulings:

"1. Upon all the evidence and the pleadings in this case the verdict should be for the defendant because the plaintiff has failed to establish such a case upon which he is entitled to recover.

"2. It is the duty of the seller to deliver the goods and of the buyer to accept and pay for them in accordance with the terms of the contract to sell or sale, and failure to deliver the goods in accordance with the terms of the contract shall constitute a breach thereof as will justify the buyer in refusing to proceed with the contract.

"3. If the court finds that the plaintiff did not deliver the furniture in accordance with the contract of sale, then the plaintiff is not entitled to recover and the verdict should be for the defendant.

"4. If the seller delivers to the buyer a quantity of goods less than he contracted to sell, the buyer may refuse them and is justified in refusing to proceed with the sale.

"5. The contract entered into between the plaintiff and the defendant for purchase of dining room set was an entire contract and not severable, and the defendant is not bound to accept delivery of the dining room set in instalments.

"6. If the court finds that the defendant purchased a complete dining room set of the plaintiff, and the plaintiff only delivered a part of said dining room set and not the entire set, and the defendant rejected said goods as delivered, then the plaintiff did not perform the terms and conditions of the contract to sell, and is not entitled to recover.

"7. If the court finds that the plaintiff agreed to sell and the defendant agreed to buy a new set as exhibited on sample and the plaintiff failed to deliver a new set, this constitutes a breach of warranty, as justifies the defendant's refusal to perform and the plaintiff is not entitled to recover.

"8. Where goods which had not been previously examined and delivered to buyer, he is not deemed to have accepted them unless and until he had a reasonable opportunity for examining them for the purpose of ascertaining whether they conform to the contract.

"9. If the court finds that the defendant purchased of the plaintiff a new dining room set and the plaintiff de-

livered to the defendant a damaged set, then the defendant has a reasonable opportunity to examine them and has a right to reject them as conforming to the contract and the plaintiff is not entitled to recover.

"10. Where goods are delivered to the buyer and he refuses to accept them as they do not conform to the contract, he is not bound to return them to the seller but it is sufficient if he notifies the seller that he refuses to accept them.

"11. If the court finds that the defendant purchased of the plaintiff a brand new dining room set and the plaintiff delivered to the defendant an incomplete and damaged dining room set which the defendant refuses to accept, the defendant is not bound to return the same to the plaintiff and the plaintiff is not entitled to recover."

Rulings on such requests are stated in the opinion. The judge found for the plaintiff and reported the action to the Appellate Division. The report was ordered dismissed, and the defendant appealed.

*M. Z. Kolodny & N. H. Kolodny,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

PIERCE, J. This case is before us on appeal from a final decision, report dismissed, of the Appellate Division of the Northern District.

The report of the trial judge to the Appellate Division discloses in substance the following facts: On October 30, 1926, the plaintiff and defendant entered into a written conditional contract of sale, dated November 15, 1926, whereby the plaintiff agreed to sell and the defendant agreed to buy a dining room set of furniture, consisting of twelve pieces. On or about November 17, 1926, the plaintiff delivered to the defendant's home the set of furniture, with the exception that six chairs were delivered instead of five chairs and one armchair. On the same day the defendant's wife communicated with the plaintiff's agent in reference to the armchair, and was told by the agent that he would take care of it at once. About a week later there was talk over the telephone between the parties about some scratches on

the furniture and the plaintiff sent to the defendant's home a finisher who "polished out the scratches." In about a week the plaintiff was informed by the defendant that the table leaves were not delivered; the plaintiff then offered to deliver the armchair and the table leaves and the defendant refused to receive them. The plaintiff's agents called several times upon the defendant and reported that the defendant's claim was unjust and unreasonable and that there was nothing wrong with the set; and the plaintiff himself saw the defendant and offered to exchange the chair for an armchair and to deliver the extra leaves for the table, but the defendant refused to accept this offer. The plaintiff on various occasions offered to replace the entire set with another new set, and the defendant through his wife promised to come in and pick out another set. On May 12, 1927, the plaintiff wrote the defendant a letter giving notice of his intention to deliver the armchair and table leaves, and the defendant replied by letter that he would not accept the said articles.

The contract, which is annexed to the declaration, discloses that the articles were sold "for the lump sum of $365.00" of which $25 was paid at the time of the sale and the balance was to be paid at the rate of $4 each week. The second count of the declaration seeks to recover unpaid instalments in the amount of $100.

At the close of the trial the defendant made eleven requests for rulings. The trial judge granted those numbered 2, 8, 9, 10 and 11 "as propositions of law but not applicable to the finding of facts in this case," denied request numbered 1, and those numbered 3, 4, 5, 6 and 7 "as not applicable to the facts found." He denied the answer in recoupment, and found for the plaintiff in the sum of $100.

Requests numbered 2, 8, 9, 10 and 11, allowed by the trial judge as true propositions of law, are taken almost verbatim from G. L. c. 106, §§ 30, 36 and 39. His further finding that they are not applicable to the finding of facts can be sustained on the assumption, warranted by the reported facts, that he found that the defendant retained the goods delivered knowing that the plaintiff would perform the con-

tract by exchanging the extra chair for an armchair and by delivering the extra leaves for the table.

Requests numbered 1, 3, 4, 5, 6 and 7 were refused because not applicable to the facts found. This finding is supported if the trial judge found, as he warrantably could do on the reported facts, that the defendant did not reject the goods delivered within a reasonable time after delivery either on the ground that the quantity was less than the entire lot the plaintiff had contracted to sell or on the ground that the plaintiff was not ready and willing to deliver the chair and table leaves within a reasonable time after he had notice of the deficiencies in the lot actually delivered.

We find no reversible error in the findings and rulings of the trial judge. It results that the entry must be

*"Report dismissed"* *affirmed.*