JOHN M. BARRY *vs.* NEIL H. CRONIN.

Suffolk.    March 4, 1930. — September 11, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, What constitutes, Construction, In writing.  *Sale*, Warranty, Rescission.  *Evidence*, Extrinsic affecting writing.  *Tender*.

An action of contract to recover money which the plaintiff had paid to the defendant in purchasing an automobile from him was founded on breach of an express warranty alleged to have been made by the defendant.  The plaintiff testified that the parties had a conference at which, after the plaintiff had decided to purchase the automobile, the defendant made an oral guaranty as to its condition, and the plaintiff stated, "Well, if this is the way, and you guarantee that, I will rely on your word"; that the plaintiff did not then have sufficient money to make the first payment; that shortly thereafter "he and the defendant entered into an agreement for the purchase of the automobile, nothing being said about signing any paper at that time"; that two days later the plaintiff went to the defendant's place of business, made a deposit and signed a paper directed to the defendant and entitled "Order Blank"; and that the paper was countersigned by the defendant.  The "Order Blank," which was introduced in evidence, stated no warranty, but contained an abbreviated description of the automobile, its price, time of delivery, terms of payment and a provision, "It is understood . . . that no verbal agreement or understanding is binding unless noted on this order."  Four days later the defendant delivered the automobile to the plaintiff.  There was evidence of a breach of the alleged oral warranty.  *Held*, that

(1) A finding was not warranted that the parties made a definite contract of sale at their first interview, since they did not then settle all the essential terms of the contract;

(2) The testimony by the plaintiff, that he and the defendant "entered into an agreement for the purchase of the automobile" shortly after that interview, was a mere conclusion by the plaintiff in the absence of evidence as to the essential terms of such agreement;

(3) A finding was not warranted that the terms embodied in the "Order Blank," excepting those relating to a warranty, were the terms orally stated and approved by the parties on previous occasions; distinguishing *Warrick* v. *Orr Motor Co.* 261 Mass. 32;

(4) The "Order Blank" became a contract binding upon both parties when it was countersigned by the defendant and thereby accepted by him;

(5) The "Order Blank" purported to contain a complete statement of the terms of the contract between the parties, and, so far as a warranty was concerned, required the exclusion of evidence of previous negotiations;

(6) In the circumstances, a finding was not warranted that the oral warranty survived as an adjunct to the contract in writing;

(7) The evidence did not warrant a finding that the defendant had made an enforceable warranty as a part of the contract.

There also was evidence at the trial of the action above described that, after discovering defects in the automobile, the plaintiff had an interview with the defendant in which he said to him that he thought he was entitled to a new motor, or a new automobile, or his money back, and the defendant declined to do anything about it; that, immediately after the interview, the plaintiff left the automobile with the defendant, who took charge of it and placed it in storage. *Held*, that

(1) Under G. L. c. 106, § 58 (1) (d) the plaintiff, in order to rescind the sale, was bound to return or tender the automobile to the defendant;

(2) The refusal of the defendant to do anything about the three alternative requests of the plaintiff did not excuse the plaintiff from some positive act amounting to a tender of the automobile to the defendant; the mere leaving of the automobile with the defendant was not in the circumstances a sufficient tender;

(3) The conduct of the plaintiff in the circumstances did not constitute a sufficient tender under said statute; and therefore, even if the defendant had made an enforceable warranty of which there had been a breach, the plaintiff was not entitled to rescind the sale.


TORT OR CONTRACT. Writ dated July 11, 1927.

It appeared that the taxicab, to the sale of which the action related, was delivered to the plaintiff by the defendant on April 5, 1927. Other material evidence at the trial in the Superior Court before *Walsh*, J., is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $499.40. The defendant alleged an exception.

*K. C. Tiffin,* (*G. D. Shorey* with him,) for the defendant.

*L. Bean, Jr.,* for the plaintiff.

RUGG, C.J.　There are three counts in the declaration, all in contract for the same cause of action, the plaintiff seeking to recover money paid to the defendant on account of the purchase of a taxicab by reason of alleged breach of an express warranty made by the defendant. The answer was a general denial and plea of payment. The plaintiff testified that after an earlier conference, he met the defendant in the latter part of March, 1927, and decided to purchase the taxicab, and the defendant said: "I will guarantee to you that this car I will get you will be in perfect condition, and I also will guarantee that this car will be good for ninety days in perfect condition." The plaintiff replied: "Well, if this is the way, and you guarantee that, I will rely on your word." The plaintiff further testified that he did not have the money with him to make the down payment, and so told the defendant; that on the same occasion "about two days before April 1 he and the defendant entered into an agreement for the purchase of the automobile, nothing being said about signing any paper at that time"; that on April 1, 1927, he returned to the defendant's place of business and paid a deposit "and signed a paper." This paper was entitled "Order Blank," was directed to the defendant and stated an abbreviated description of a taxicab, its price, time of delivery, terms of payment, and no warranty of any kind but this clause, "It is understood and made part of this agreement that title of ownership of car as above described does not pass to me until final cash payment is made, and that no verbal agreement or understanding is binding unless noted on this order." It was signed by the plaintiff and countersigned by the defendant. There was testimony, which, although contradicted, might have been believed, to the effect that there was breach of the alleged warranty.

There is no sufficient evidence of the terms of a definite contract completed between the parties at the interview in March. There is no testimony that the price, the terms of payment, the kind of title to be acquired by the plain-

tiff, or the time when full title was to pass from the defendant was finally settled between the parties at that time. For aught that appears, all these matters were left open for future negotiation. The testimony that the parties in March entered into an agreement for purchase, without testimony as to the essentials which constitute such an agreement, is a mere statement of a conclusion of law and not the statement of elemental facts sufficient to establish such agreement. This aspect of the case turns on what was actually said between the parties at that interview, not on the inference drawn by the plaintiff as the legal effect of what was said. The bill of exceptions is not fairly susceptible of the interpretation that the terms embodied in the order of April 1, 1927, excepting those relating to warranty, were those orally stated and approved by the parties in March. It follows that the principle on which *Warrick* v. *Orr Motor Co.* 261 Mass. 32, was decided is not applicable to the facts shown in the case at bar.

The writing entitled "Order Blank" purports to be a complete statement of the contract. Every essential feature of a binding contract is there set forth. It is signed by · both parties. It contains the further clause that "This order must be countersigned by an executive officer of the Company before becoming valid." Under the word "Countersigned" is the signature of the defendant. Thus the order of the plaintiff, according to its fair import, was accepted by the defendant and became a binding contract. The instrument as a whole is not of the informal nature of a bill of parcels such as appeared in *North Packing & Provision Co.* v. *Lynch,* 196 Mass. 204, and *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 445 and cases cited in each opinion. While as matter of art it is not an ideal form of contract, there is enough in it to show that it contains the terms necessary to a binding agreement, and so far as concerns a warranty, excludes previous negotiations and tentative suggestions. The testimony as to a previous warranty in all these circumstances did not justify a finding that such warranty survived and became engrafted as an oral adjunct on the written instrument.

*Goldenberg* v. *Taglino*, 218 Mass. 357, 359. *Bennett* v. *Thomson*, 235 Mass. 463. *Boston Consolidated Gas Co.* v. *Folsom*, 237 Mass. 565, 567. *Acorn Silk Co.* v. *Herscovitz*, 250 Mass. 553, 554. *Sullivan* v. *Roche*, 257 Mass. 166, 171. *Tripp* v. *National Shawmut Bank*, 263 Mass. 505, 511 and cases cited. *Florimond Realty Co. Inc.* v. *Waye*, 268 Mass. 475, 479. *Connelly* v. *Fellsway Motor Mart Inc.* 270 Mass. 386.

It follows that there was not sufficient evidence to support a finding that the defendant made any enforcible warranty as part of the contract of sale.

There was testimony to the effect that after the discovery of the alleged defects in the taxicab the plaintiff went with it to the defendant and said to him that he thought he was entitled to (1) a new motor, or (2) a new car, or (3) his money back, and the defendant declined to do anything about it. The plaintiff did not testify to further facts bearing on the tender of the taxicab to the defendant, but it is stated in the bill of exceptions immediately after the plaintiff's testimony that the "defendant thereafter placed the car in storage." The testimony of the defendant was that as a result of the whole affair the car was finally repossessed for nonpayment of notes by the finance company that was carrying the initial obligation. Of course the jury were not required to believe the testimony of the defendant. Although the bill of exceptions is not as clear as might be desired, we interpret this to mean that at the conclusion of the interview the plaintiff left the car with the defendant, who then took charge of it. By G. L. c. 106, § 58 (1) (d), a plaintiff in these circumstances in order to recover must prove that he has returned or offered to return the property to the defendant. This means that the plaintiff must tender a return. *Skillings* v. *Collins*, 224 Mass. 275. *Raymond Syndicate, Inc.* v. *American Radio & Research Corp.* 263 Mass. 147, 155. The utter refusal of the defendant to do anything about the three alternative requests of the plaintiff did not excuse the plaintiff from positive acts amounting to determination to rescind the contract and to tender

the car to the defendant.   Merely leaving it with the defendant with a statement of three inconsistent but alternative options to the defendant, any one of which would satisfy the plaintiff, and only one of which involved rescission of the contract, did not satisfy the requirements of the relevant clause of said § 58.   The case at bar is distinguishable from *Gottman* v. *Jeffrey-Nichols Co.* 268 Mass. 10.

It follows that the plaintiff was not entitled to recover. The written motion of the defendant for a directed verdict in his favor ought to have been granted.

*Exceptions sustained.*