MARY G. CANNON *vs*. PAGE & BAKER CO.

Suffolk.    October 7, 1932. — January 18, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Sale*, Acceptance, By sample, Rescission. *Estoppel. Election.*

At the trial of an action commenced in November, 1929, to recover money paid by the plaintiff for furniture purchased of the defendant in April, 1927, there was evidence that the sale was by sample; that the plaintiff paid the purchase price before delivery; that the furniture was delivered in the plaintiff's absence; that he examined it at his first opportunity upon his return home two or three days later, and found that it did not correspond with the sample; that he promptly notified the defendant thereof, requested removal of the furniture sent and delivery of proper furniture; that at that time, and upon his making similar requests of the defendant at numerous other times over a period of about two months, the plaintiff was told by the defendant that furniture corresponding to the samples would be sent as soon as possible and the furniture delivered taken away; and that at the end of such period the plaintiff tendered the furniture to the defendant and, upon his refusal to accept it, had it stored and gave the defendant an order upon which he could obtain it. A verdict was ordered for the defendant. *Held*, that

(1) It could not properly have been ruled that the furniture was ever accepted by the plaintiff as corresponding with the sample;

(2) The plaintiff did not lose his right to rescind the sale by not having returned the furniture after notice to the defendant to remove it: the notice to the defendant of the plaintiff's refusal to accept it was sufficient under G. L. (Ter. Ed.) c. 106, § 39;

(3) The question, whether the plaintiff had a reasonable opportunity to compare the furniture with the sample between the time of

its delivery and the time when he made his examination, was for the jury;

(4) In view of the evidence as to the defendant's statements that he would remove the furniture and send furniture corresponding to the sample, it could not properly have been ruled as a matter of law that the plaintiff, in delaying two months his attempt actually to return the furniture, waived his right to rescind: it could have been found that the defendant was precluded from contending that the plaintiff had made such a waiver;

(5) It could not properly have been ruled that the plaintiff was bound to commence the action earlier than he did;

(6) It was improper to order a verdict for the defendant.

CONTRACT. Writ in the Municipal Court of the City of Boston dated November 4, 1929.

Upon removal to the Superior Court, the action was tried before *Brown*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*W. J. O'Neill*, for the plaintiff.

*R. Robinson*, for the defendant.

WAIT, J. The plaintiff, by her declaration, alleged that about April 4, 1927, she purchased certain furniture of the defendant for $280; that the sale was by sample; that the goods delivered were not in accord with the sample; that she at once notified the seller that the goods were not in good condition; that she returned the goods and tendered them back, but the defendant refused to accept them "whereby the plaintiff was obliged to store" them and did store them in a public warehouse; wherefore the defendant owes her $280, the sum paid "for the said furniture, together with the cost of returning the said furniture," together with the cost of transporting "the same" to the warehouse, $13, and the costs of storage at the rate of $3 per month. Her writ, returnable to the Municipal Court of the City of Boston, bore date November 4, 1929. The answer averred that the goods sold and delivered corresponded with the sample and were in good condition; alleged further, that the plaintiff had waived her right to bring action for a breach of warranty by failure promptly to notify the seller of any alleged defect; and made general denial.

The case was removed by the defendant to the Superior Court. At the trial the judge granted the defendant's motion for a directed verdict in its favor, and reported the case at the request of both parties, with a statement of all the material evidence for the consideration of this court, the parties stipulating that if the direction was error, judgment in a sum stated with interest from June 16, 1927, should enter.

There was evidence which would support findings as follows. The plaintiff negotiated on Monday, April 4, 1927, for the purchase of five pieces of furniture and the making and delivery of a mattress. She was shown samples, and gave orders to be filled to correspond. She paid in full. On the following Thursday or Friday goods alleged to correspond with the samples were delivered at her home. She was away. On her return, at her first convenient opportunity, on Sunday, she examined the goods and found that only the mattress was according to the sample and that the articles delivered were not in good condition. On Monday she notified the seller and asked removal of the articles sent and delivery of proper articles. She was put off, but told goods corresponding to the samples would be sent as soon as possible and the articles delivered would be taken away. From time to time, frequently, she asked removal and was told as before. The goods were not used and were in her way. On or about May 27, 1927, she went to the seller's store. She there had dealings about other goods previously purchased; but also spoke of these and requested removal as she intended to go away for a time. She then returned certain mirrors, pointing out where she considered them incomplete and not up to sample. These the seller received and kept. She was told that what she had purchased would be sent when the goods came in to the seller. She said she would come and look at them and take them if all right. Finally, on June 16, 1927, as the goods other than the mattress and mirrors were still uncalled for, she had them conveyed to the seller, tendered them and, on the seller's refusal to accept them, left them on its sidewalk. Much later in the day, on notification from the police, she

had them carted to a warehouse and stored. She gave the seller an order on which it could obtain them. The seller neither took these nor tendered other goods under the contract. There was evidence in contradiction which would support findings that the articles delivered were up to the samples and were in good condition; that she was not told that the goods would be taken away; and that no order for delivery from the warehouse was given. There was, however, no denial of the original negotiations, of complaints, of meetings on May 27, and June 16, and no denial by the plaintiff that in May and June she expressed willingness to accept goods which corresponded to the samples shown her on April 4.

Upon such evidence we fail to see how it was proper to direct a verdict for the defendant. The plaintiff's case, as set out in the declaration, is based on rescission of the contract. The declaration is not entirely clear, but we think it is fairly to be interpreted, not as a claim for damages for a breach of warranty in goods accepted by the plaintiff after a sale by sample, but as a demand for the return of what the defendant obtained on a contract of purchase, rescinded, at least, when the action was brought; with certain consequential damages.

It could not properly be ruled that the goods, other than the mattress, were ever accepted by the plaintiff as corresponding with the samples. Unless they did, in fact, so correspond, the right to rescind would not be lost merely by failure to return them after notice to the seller to remove them. *Corbett* v. *A. Freedman & Sons, Inc.* 263 Mass. 391, 393. *Gottman* v. *Jeffrey-Nichols Co.* 268 Mass. 10. Whether they so corresponded was matter for a jury. The mattress was paid for. No demand for return of what was paid for it is included in the declaration. No argument in regard to it has been made. It disappears as a material element in the case. See *A. K. Young & Conant Manuf. Co.* v. *Wakefield*, 121 Mass. 91. Compare *Barrie* v. *Earle*, 143 Mass. 1.

Nor could it properly be ruled that the delay in the actual return of the goods attempted on June 16 was too late to admit of rescission in view of the evidence of promises on

the defendant's part to deliver other goods which should be up to sample. What is a reasonable delay may, in appropriate circumstances, be matter of law (see *Skillings* v. *Collins*, 224 Mass. 275), but generally it is matter of fact. We think it could properly be ruled that, on June 16, 1927, the plaintiff had not rescinded, but, on the contrary, had expressed her willingness to go on if proper goods were sent to her. It would have been error, however, to rule that she had not then persisted in her refusal to regard the goods she was seeking to return as a compliance with the contract of sale; and to take from the jury the determination of the fact of compliance.

Under the provisions of our sales act (G. L. [Ter. Ed.] c. 106) the plaintiff had a right to a reasonable opportunity to compare the goods delivered with the sample. § 18 (b). She, on delivery and refusal to accept, if justified by failure to be up to sample, was not bound to return the goods to the seller — "it is sufficient if . . . [she] notifies the seller that . . . [she] refuses to accept them." § 39. It was for a jury to say whether she had had reasonable opportunity to compare, between the day of delivery and the Sunday of her examination; and, as just stated, whether the goods were up to sample so that the right to call on the seller to remove them had been lost.

We do not think the plaintiff's dealings with the goods actually delivered if, in fact, they were not up to the sample, are to be treated on the question of ultimate rescission of the contract as if the articles delivered in fact had been up to sample. Such retention as she made was not in accord with her desire. She had made an unqualified refusal to accept them. She had tendered return. The seller by refusing to remove them, if not up to sample, could not put her in the position of being bound to rescind the entire contract; and it was for a jury to say whether it did not preclude itself from attempting to claim a waiver of her right to insist on rescission by leading her to believe goods complying with the contract would later be shown to her. The situation is very different from that presented in *Adams* v. *Grundy & Co. Inc.* 252 Mass. 135. It is more

closely comparable to that in *Gottman* v. *Jeffrey-Nichols Co.* 268 Mass. 10.

If, in truth, the plaintiff was justified in believing on June 16, 1927, that the seller intended later to comply with the contract by submitting other goods to her, she was not bound to rescind until certain that no such submission would be made. It cannot, we think, be ruled as matter of law that she was bound to bring action earlier. Bringing the action was an election to rescind. The defendant has not been prejudiced. It has had the price, and the jury could have found that at any moment it could have obtained the goods, or offered goods complying with the contract. *Edison Fixture Co. Inc.* v. *Maccaferri,* 250 Mass. 460, and *Skillings* v. *Collins,* 224 Mass. 275, are not in point. Nor are *Barry* v. *Cronin,* 272 Mass. 477, and *Spector* v. *Zuckerman,* 266 Mass. 168.

Since the right of rescission might have been found in the plaintiff, verdict for the defendant could not properly be directed. The plaintiff was entitled to go to the jury under proper instructions. There was error. In accord with the stipulation, therefore, our order must be

*Judgment for the plaintiff in the stipulated sum with interest from the date agreed.*