Jones, P. J.
This is an action of contract in which the plaintiff seeks to recover of the defendant alleged damages resulting from the lease of a seal coat to the plaintiff by the defendant; the plaintiff alleging that the defendant agreed orally and in writing that said fur coat was a good merchantable article, that the fur was good and would not shed; that said coat was not in fact a good merchantable article, nor good and unshedable, and otherwise was worthless ; also, that reasonable notice of said breach was given to the defendant.
It appeared in evidence that plaintiff received possession of the coat in question on November 23,1936; and upon that day executed with the plaintiff an agreement in writing termed a “lease”, which recites, among other matters, the *17 receipt of the coat in question, the consideration therefor, to be paid by weekly payments, at certain dates.
It also contains a further clause, whereby the plaintiff agrees “not to institute any court proceedings against said Hyman G-ondelman (the defendant) under this lease, at law or equity, until ten days after I have delivered to said Hyman Gondelman a signed statement in writing of the details of my claim or claims.”
Nowhere in the evidence does it appear that the plaintiff delivered to said defendant any signed statement of her claim. There can be no doubt that her claim, now made, is one made under the agreement or lease signed by her. It is true that her declaration states that defendant agreed “orally and in writing” as to said fur coat, but the facts show that her claim is under a sale made to her under the “lease” agreement. This agreement is a valid one and binding upon the plaintiff. Its conditions are easy to be complied with. It is not unreasonable, as such a notice, if complying with the agreement, would have offered defendant complete knowledge of the defects, if any, in the coat purchased.
We, therefore, think the 10th request of defendant: That there is a sufficiency of evidence to warrant a finding for the defendant should have been given, instead of refused. Eastern Railroad Co. vs. Relief Fire Ins. Co., 98 Mass. 420. We are also unable to say how the trial judge arrives at his conclusion in the case, as the measure of damages applicable thereto is fixed by G. L. (Ter. Ed.) c. 106, §58, as follows :
“The measure of damages for breach of warranty shall be the loss directly and naturally resulting, in the ordinary course of events, from such breach. In case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage *18 of a greater amount, shall be the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if answering to the warranty.”
No evidence appears in the case, by which under the terms of the statute last quoted the plaintiff’s damages, if any, can be computed.
It also appears from the evidence that the plaintiff testified that when she went back to defendant’s store, after refusing another coat in exchange for the one in question, that she took back her coat, ‘because”, as she testified, “it was my property and I did not want to leave it.” By thereby doing, she brought her case directly within Shillings vs. Collins, 224 Mass. 275.
And by the finding of the trial judge it would seem as if he has allowed plaintiff to disaffirm her contract with the defendant, and at the same time to recover damages for the breach of warranty arising out of the same contract, whereas there was no express warranty that the coat would not “shed” or “peel”, as plaintiff testified it did. No recision can be found for the plaintiff because she took back the coat herself, declaring “It was my property.” Skillings vs. Collins, supra; Spector vs. Zuckerman, 266 Mass. 168.
We think, also, that defendant’s requests, viz:
7. There is a sufficiency of evidence to warrant a finding that the plaintiff failed to give proper notice of the breach of warranty alleged in her declaration to the defendant or his agents.
9. There is a sufficiency of evidence to warrant a finding that the plaintiff failed to give to the defendant notice of the breach of warranty alleged in her declaration within a reasonable time after she knew or ought to have known of such breach.
10. There is a sufficiency of evidence to warrant a finding for the defendant.
*19 should have been given (the latter on additional grounds than stated above), because the plaintiff failed to give to the defendant due and sufficient notice of the breach of warranty, assuming there be such, as required by G. L. (Ter. Ed.) c. 106, §38. For the legal principles involving this question, reference is made to Idzykowski vs. Jordan-Marsh Co., 279 Mass. 163, where it is said:
“* * * * we nevertheless are of the opinion that the verdict was rightly ordered entered for the defendant, because the plaintiff failed to prove that she gave proper and sufficient notice of the breach of warranty within a reasonable time after she knew or ought to have known of such breach. The giving of notice of an alleged breach of warranty to a seller within a reasonable time, as required by G. L. e. 106, §38, is intended for the protection of the seller against belated claims for damages. When a purchaser wishes to avail himself of an alleged breach of warranty, the notice of the breach required by G. L. c. 106, §38, to be given to the seller must refer to the particular sales, must fairly advise the seller of the alleged defect, and specify with reasonable particularity in what the breach consists, and must be such a notice as to repel the inference of waiver. The notice ‘need not necessarily take the form of an express claim for damage's or threat of such, (but) it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights.’ ”
The coat was bought November 23, 1936. The plaintiff testified that the defect in the coat was discovered a few weeks after plaintiff first wore it. It was first worn December 25, 1936, but the plaintiff did not visit the defendant’s store until March 14, 1937, about four months after the purchase, and it would seem as a matter of law that plaintiff did not bring the matter of breach of the warranty, if there was such, to the attention of the defendant in “due” time. Idzykowski vs. Jordan Marsh Co., supra, the season for fur coats having at the latter time about expired.
*20 In any event, it does not seem that plaintiff, on March 14,1937, or thereafter, gave the defendant due and sufficient notice of the defects in the coat, as required by the statute above quoted.
No signed statement having been given by plaintiff to defendant at any time, as required by the lease, there seems to be no grounds here for recovery. American Steam Gauge Co. vs. Mechanics Iron Foundry Co., 214 Mass., 299-301.
The order of the court below is that the ‘ ‘ coat to be returned and the plaintiff to recover $29.”
This in no way seems to be a legal or correct solution of this matter. It is not judgment for any specific amount. If the plaintiff has any rights she has the right to hold the property and recover as damages from the defendant the difference 'between the value of the article she received and the article she was to receive. But in our view of the matter she had no right to recover because of the ten-day stipulation above referred to.
We think it unnecessary to take up. the further matters mentioned in defendant’s brief, and an order will be made vacating the finding for the plaintiff and judgment will be entered for the defendant.